688 N.W.2d 287 (2004)
Ann HALTON, Personal Representative of the Estate of Robert Halton, deceased, Plaintiff-Appellee,
v.
Kenneth FAWCETT, M.D., Defendant-Appellant, and
Genesys Regional Medical Center, Defendant.
Docket No. 125359. COA No. 241737.
Supreme Court of Michigan.
October 29, 2004.
By order of March 11, 2004, the application for leave to appeal was held in abeyance pending the decision in Waltz v. Wyse. On order of the Court, the opinion having been issued on April 14, 2004, 469 Mich. 642, 677 N.W.2d 813 (2004), the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
MARKMAN, J., concurs and states as follows:
Plaintiff's decedent died on February 10, 2001, and plaintiff filed a notice of intent on March 7, 2001. Plaintiff was appointed personal representative of the decedent's estate on April 12, 2001, and filed a complaint on September 28, 2001. The trial court denied defendants' motion for summary disposition, and the Court of Appeals affirmed, concluding that the notice of intent was not defective even though it had not been signed by the personal representative of the estate.[1] In other words, the Court of Appeals concluded that a person does not have to be appointed as personal representative before a person can file a notice of intent. I am not certain that I agree.
MCL 600.2912b states that a person cannot bring a medical malpractice action until that person gives the defendant written notice of the action at least 182 days before commencing the action. MCL 600.2922(2) states that only a personal representative can bring an action for the wrongful death of a decedent. When these statutes are read together, a reasonable argument can be made that only a personal representative can file a notice of intent to sue.
However, MCL 700.3701 states that "[a] personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment." Accordingly, plaintiff's appointment as personal representative relates back to her filing the notice of intent. Therefore, I concur in this Court's decision to deny defendants' application for leave to appeal.
NOTES
[1] 259 Mich.App. 699, 675 N.W.2d 880 (2003).