BRAVERMAN v GARDEN CITY HOSPITAL

Docket Nos. 264029, 264091. Submitted May 3, 2006, at Detroit. Decided
    August 15, 2006, at 9:05 a.m. Vacated in part by order entered
    September 8, 2006. 272 Mich App 801.

    Eric A. Braverman, as successor personal representative of the estate
    of Patricia Swann, deceased, brought an action in the Wayne
    Circuit Court against Garden City Hospital; Providence Hospital
    and Medical Centers, Inc.; John R. Schairer, D.O.; Gary Yashinsky,
    M.D.; and Abhinav Raina, M.D., alleging medical malpractice in
    connection with Swann's death. The person originally appointed
    as personal representative filed a notice of intent for the medical
    malpractice action, but did not file a complaint. Relying on this
    notice of intent, Braverman filed a complaint after the two-year
    limitations period for medical malpractice actions had expired, but
    within two years after his letters of authority were issued. The
    defendants moved for summary disposition on the grounds that
    Braverman had not timely filed the action. The trial court, Daphne
    Means Curtis, J., denied the defendants' motions for summary
    disposition, reasoning that because the successor personal repre-
    sentative had filed within the two-year wrongful death saving
    period, MCL 600.5852, the action was not barred by the statutory
    limitations period. Providence Hospital and the three defendant
    doctors filed an application for leave to appeal, as did Garden City
    Hospital. The Court of Appeals granted both applications and
    consolidated the two appeals.

    The Court of Appeals *held*:

    1. MCR 7.215(J)(1) constrains the Court to follow the rule in
    *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 270 Mich App
    383 (2006), that the same person must file both the notice of intent
    to sue, which is required by MCL 600.2912b(1), and the complaint.
    Were it not bound to follow this rule, the Court would hold that a
    successor personal representative may file a complaint based on a
    notice of intent filed by the initial personal representative. Nev-
    ertheless, Garden City Hospital is not entitled to relief on the basis
    of the notice of intent issue because it expressly accepted the initial
    personal representative's notice of intent as valid and did not raise
    the issue in its application for leave to appeal.

2. The complaint was timely filed under the wrongful death saving provision, which allows an action to be filed within two years of the issuance of letters of authority to a successor personal representative under the holding in *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29 (2003).

Reversed and remanded for further proceedings.

ZAHRA, J., dissented on the grounds that the issue relating to the notice of intent to sue was not properly preserved for interlocutory review, and that it was unnecessary to declare a conflict with *Verbrugghe* because that case applied the notice of intent provision as interpreted by *Halton v Fawcett*, 259 Mich App 699 (2003), which defined a "person" as a human being in either an individual or representative capacity, not in conjunction with MCL 700.3701, which allows a personal representative to ratify and accept an act done by another person to benefit the estate.

*Allan Falk, P.C.* (by *Allan Falk*), for Eric A. Braverman.

*Feikens, Stevens, Kennedy & Galbraith, P.C.* (by *Jon Feikens*), for Garden City Hospital.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for John Schairer, D.O.; Gary Yashinsky, M.D.; Abhinav Raina, M.D.; and Providence Hospital and Medical Centers, Inc.

Before: JANSEN, P.J., and NEFF and ZAHRA, JJ.

NEFF, J. In these consolidated appeals,[1] defendants appeal by leave granted the trial court's July 5, 2005, order denying their motions for summary disposition of plaintiff's medical malpractice action on the grounds that the action was time-barred because the two-year

---

[1] In Docket No. 264029, this Court granted an application for leave filed by defendants John R. Schairer, D.O.; Gary Yashinsky, M.D.; Abhinav Raina, M.D.; and Providence Hospital and Medical Centers, Inc. (Providence). In Docket No. 264091, this Court granted a separate application for leave filed by defendant Garden City Hospital, also known as Garden City Hospital, Osteopathic (Garden City).

period of limitations under MCL 600.5805(6) had expired, and plaintiff was not entitled to the benefit of the wrongful death saving provision under MCL 600.5852. We find no error in the trial court's conclusion that plaintiff's action was timely filed. We nonetheless reverse in part the trial court's decision and remand for further proceedings on the basis of *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc,* 270 Mich App 383; 715 NW2d 72 (2006), which held that the plaintiff's medical malpractice complaint must be dismissed without prejudice because the successor personal representative *herself* must file a notice of intent, i.e., she was not the same human being as the initial personal representative who filed the notice of intent under MCL 600.2912b(1).[2]

We recognize that the holding in *Verbrugghe* is based on this Court's earlier decision in *Halton v Fawcett,* 259 Mich App 699; 675 NW2d 880 (2003), which arguably is controlling authority with respect to the notice of intent issues in both *Verbrugghe* and this case. Nonetheless, the factual circumstances in these cases are sufficiently distinguishable to raise a question whether the result in *Verbrugghe* or this case properly follows from the holding in *Halton.* Given our concern with the result in this case, and the likelihood of unjust consequences in future cases, we declare a conflict, MCR 7.215(J)(2), so that the precedent established by *Halton* and *Verbrugghe* may be more fully considered in the circumstances that are now presented. Were we not required to follow

---

[2] It appears that defendants Dr. Schairer, Dr. Yashinsky, Dr. Raina, and Providence are entitled to dismissal with prejudice because plaintiff cannot now timely refile this action under the wrongful death saving provision. However, this ultimate disposition has not been fully briefed by the parties, and thus this matter is properly remanded to the trial court for decision after response from the parties.

the precedent established by *Verbrugghe*, MCR
7.215(J)(1), we would affirm.

## I. ISSUES

These appeals arise from a medical malpractice com-
plaint filed by plaintiff on January 25, 2005, alleging
that defendants' negligent medical treatment of dece-
dent Patricia Swann between April 18, 2000, and No-
vember 29, 2001, resulted in her death. Swann's
mother, Grace Fler, was appointed personal representa-
tive of her estate on October 29, 2002. Fler resigned as
personal representative, and letters of authority were
issued to plaintiff, as successor personal representative,
on August 18, 2004.[3] A notice of intent for the medical
malpractice action was sent to defendants on July 8,
2004, before Fler resigned, but no complaint was filed
until after plaintiff was appointed successor personal
representative.

The parties do not dispute that plaintiff failed to
commence this action within the two-year limitations
period for medical malpractice actions under MCL
600.5805(6).[4] The central dispute is whether the com-
plaint was timely filed pursuant to the wrongful death
saving provision, MCL 600.5852, which permits an

---

[3] The record is unclear whether Fler's resignation was effective August
17, 2004, or August 18, 2004, but the exact date is immaterial with
respect to the issues presented.

[4] Plaintiff alleged malpractice based on Swann's treatment with Dr.
Schairer, April 19 to 21, 2000; Dr. Yashinsky and Providence, October 19,
2001, through November 29, 2001; Garden City, April 18 to 21, 2000; and
Dr. Raina, November 26 to 29, 2001. Accordingly, plaintiff was required to
commence his action against Dr. Schairer by April 21, 2002, his action
against Dr. Yashinsky and Providence by November 29, 2003, his action
against Garden City by April 21, 2002, and his action against Dr. Raina
by November 29, 2003. MCL 600.5805(6); MCL 600.5838a. Plaintiff did
not commence this action until January 25, 2005.

action to be filed within two years of the issuance of letters of authority to the personal representative of the estate.[5] Defendants argue that MCL 600.5852 required that plaintiff file his complaint within two years of the issuance of letters of authority to Fler, the initial personal representative. However, defendants' argument is contrary to the holding in *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29; 658 NW2d 139 (2003), which was based on the unambiguous language of MCL 600.5852, and we find defendants' attempts to distinguish *Eggleston* unavailing. Similar arguments were thoroughly considered and rejected in *Verbrugghe, supra* at 387-392. Accordingly, we find no error in the trial court's ruling that plaintiff's complaint was not time-barred.

Were we to decide these appeals only on the basis of timeliness, we would affirm the trial court's decision. However, defendants argue in the alternative that they were entitled to dismissal without prejudice because plaintiff was not the same "person" who filed the notice of intent under MCL 600.2912b(1). The trial court did not address this alternative argument, but the record is sufficient for our review.[6] We find the substantive issue clearly resolved in defendants' favor by the holding in *Verbrugghe*, decided after this appeal was filed.

Although the factual circumstances of this case differ from those in *Verbrugghe*, the notice of intent holding in

---

[5] MCL 600.5852 additionally requires that the action be filed within three years of the expiration of the statutory limitations period; however, this additional three-year ceiling is not at issue in this appeal.

[6] Generally, to preserve an issue for appellate review, the issue must be raised before and decided by the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). This Court has the discretion to consider unpreserved questions of law when the relevant facts necessary for their resolution appear in the record. *Bertrand v City of Mackinac Island*, 256 Mich App 13, 21; 662 NW2d 77 (2003).

*Verbrugghe* must reasonably be read to encompass the disposition of this case. In this case, as in *Verbrugghe*, the personal representative who filed the complaint is not the same human being who filed the notice of intent, and thus plaintiff *himself* did not file the notice of intent, *Verbrugghe, supra* at 397. However, in *Verbrugghe*, the successor personal representative was appointed after the initial representative had filed a notice of intent and a complaint, and the successor filed no notice of intent for a subsequent, second lawsuit. Here, the successor personal representative was appointed in the interim between the filing of the notice of intent and the filing of the complaint, and thus the complaint properly followed the notice of intent as a matter of course despite the substitution of a new personal representative.

*Verbrugghe* is based on the earlier decision in *Halton,* and, despite the distinct factual circumstances, *Verbrugghe* does not limit its reliance on *Halton*. Therefore, as explained more fully in part III of this opinion, the holding in *Verbrugghe* must be read to generally require that the same human being who files the notice of intent file the complaint pursuant to MCL 600.2912b(1) despite any substitution of parties, as in this case.

### II. STANDARD OF REVIEW

Defendants moved for summary disposition on the basis of the limitations period applicable to medical malpractice actions, MCL 600.5805(6). This Court reviews de novo whether a statute of limitations bars a claim. *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 570-571; 703 NW2d 115 (2005). "A motion under MCR 2.116(C)(7) may be supported by affidavits, admissions, or other documen-

tary evidence and, if submitted, such evidence must be considered by the court." *Travelers Ins Co v Guardian Alarm Co of Michigan*, 231 Mich App 473, 477; 586 NW2d 760 (1998). "[T]he court must take all well-pleaded allegations as true and construe them in favor of the nonmoving party." *Id.* "If there are no facts in dispute, whether the claim is statutorily barred is a question of law for the court." *Id.*

### III. NOTICE OF INTENT

Under MCL 600.2912b(1), a medical malpractice plaintiff must file a notice of intent to sue before commencing an action in the trial court:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.[7] [MCL 600.2912b(1).]

In *Halton,* this Court held that the statutory notice of intent requirement was met despite the fact that a personal representative filed the notice of intent before she was appointed as personal representative because she nevertheless was the same person, i.e., "human being," who filed the medical malpractice complaint. *Halton, supra* at 704. The *Halton* Court reasoned that "the statute requires that *the* person commencing a medical malpractice action be the person who previously served a notice of intent on the defendant." *Id.* at 702 (emphasis in original). The Court held that "the

---

[7] Although a claimant generally must wait 182 days before commencing an action, a claimant may file an action after 154 days if no response to the notice is received as required by MCL 600.2912b(7). MCL 600.2912b(8); *Burton v Reed City Hosp Corp*, 471 Mich 745, 751; 691 NW2d 424 (2005).

word 'person' refers to a human being, whether in their individual or representative capacity." *Id.* at 704. The Court thus held that because the plaintiff who filed suit was the same human being who served the notice of intent, albeit in a different capacity, "the statutory requirement that the person who files the suit must have previously given notice of intent is satisfied." *Id.*

In *Verbrugghe*, the Court was presented with distinctly different facts. There, as in this case, a successor personal representative was appointed. However, in *Verbrugghe*, unlike here, the initial personal representative had already filed a notice of intent and a medical malpractice complaint. The successor personal representative was then appointed and replaced the initial representative on the caption of the complaint.[8] Additionally, the successor personal representative filed a second complaint in the same circuit court, without filing a notice of intent. The trial court dismissed the second lawsuit on statute of limitations grounds,[9] as well as other grounds. *Verbrugghe, supra* at 385-387. On appeal, this Court found that, pursuant to the holding in *Eggleston*, the second lawsuit was not time-barred under MCL 600.5852, or precluded on principles

[8] The Court nevertheless stated that the successor personal representative "specifically elected not to ratify the lawsuit brought by the initial personal representative, instead filing a new one." *Verbrugghe, supra* at 392.

[9] The trial court also dismissed the first lawsuit on statute of limitations grounds, a decision that was upheld on appeal, *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc,* unpublished opinion per curiam of the Court of Appeals, issued March 23, 2006 (Docket No. 262748). The chronology differs in this case. Here, after filing this lawsuit, plaintiff filed a second lawsuit, which the trial court dismissed with prejudice pursuant to MCR 2.116(C)(6) because "[a]nother action ha[d] been initiated between the same parties involving the same claim." This Court affirmed the dismissal in a consolidated case, *Swann Estate v Garden City Hosp*, unpublished opinion per curiam of the Court of Appeals, issued May 16, 2006 (Docket No. 266505).

of res judicata, but the lawsuit was nevertheless properly dismissed without prejudice. In so holding, the Court stated:

> The trial court also dismissed this case on statute of limitations grounds, MCR 2.116(C)(7), as well as offering several alternative grounds supporting its decision. Central to this appeal is whether MCL 600.5852, as enforced by *Eggleston* [, *supra*], allowed plaintiff to bring this second lawsuit. We conclude that under the statute and *Eggleston,* plaintiff could do so. We also hold that res judicata did not bar this lawsuit, because a dismissal on statute of limitations grounds does not constitute an adjudication on the merits. Accordingly, we reverse the trial court's order dismissing this case with prejudice, *and, for the reasons stated below, remand for entry of an order of dismissal without prejudice. [Verbrugghe, supra* at 385 (emphasis added).]

After a thorough discussion of the statute of limitations and res judicata issues, the Court briefly addressed the notice of intent issue in one paragraph:

> The trial court's final reason for dismissal was that plaintiff's complaint was subject to dismissal because the successor personal representative failed to serve a notice of intent on defendants, citing MCL 600.2912b(1) and *Halton*[, *supra*]. The trial court and defendants are correct in this last assertion, *as plaintiff herself was required to file a notice of intent* before commencing this lawsuit. [*Id.*] However, the remedy for this deficiency is a dismissal without prejudice. See *Neal v Oakwood Hosp Corp,* 226 Mich App 701, 715; 575 NW2d 68 (1997) ("[D]ismissal without prejudice" would be the "appropriate sanction for plaintiff's noncompliance with [MCL 600.2912b(1)]"). [*Verbrugghe, supra* at 397 (emphasis added).]

A straightforward reading of *Verbrugghe* mandates a conclusion that the successor personal representative did not comply with the notice of intent requirement, not because a notice of intent was not filed for the second lawsuit, but because the plaintiff successor

personal representative did not herself file the notice of intent that was filed for the first lawsuit. But for the explanatory statement *"as plaintiff herself was required to file a notice of intent before commencing this lawsuit,"* *Verbrugghe* might be read as holding that no notice of intent was filed as a prerequisite to the second lawsuit since the first notice of intent clearly pertained to the previously filed, first lawsuit. However, the citation of *Halton* and the explanatory statement leave little doubt that the Court held that a successor personal representative may not rely on a notice of intent filed by a predecessor personal representative, regardless of whether, as in this case, the successor personal representative was appointed in the interim between the filing of the notice of intent and the filing of the medical malpractice complaint.

The circumstances of this case now raise a question whether the reasoning in *Halton* is properly extended to the circumstances of *Verbrugghe* and this case. In *Halton*, the Court simply held that the fact that the person who filed the complaint was the same human being who filed the notice of intent sufficed under the plain language of MCL 600.2912b(1). But the analysis in *Halton* suggests that a personal representative acting in the representative capacity does not meet the definition of "person," and thus MCL 600.2912b(1) is not satisfied, if a different human being is substituted as personal representative. The *Halton* Court reasoned that a "personal representative" is a "person" under the Estates and Protected Individuals Code (EPIC),[10] rather than a separate legal entity:

> Turning to [EPIC], we see nothing that suggests that a personal representative is a separate legal entity such as a partnership or corporation. Rather, EPIC defines "personal

---

[10] MCL 700.1101 *et seq.*

representative" as "an executor, administrator, successor personal representative, and special personal representative, and any other person who performs substantially the same function under the law governing that person's status." [MCL 700.1106(n).] Thus, EPIC recognizes that a "personal representative" is a "person" rather than a separate legal entity. [*Halton, supra* at 703.]

In summarizing its analysis, the *Halton* Court stated that "the word 'person' refers to a human being, whether in their individual or representative capacity."[11] *Id.* at 704. However, merely because the statutory requirement is met under the circumstances in *Halton* does not preclude a conclusion that the statutory requirement is also met if the person is the same person in a representative capacity.[12]

To the extent that *Halton* concludes that distinct human beings, acting successively as a personal representative for the same estate, cannot satisfy MCL 600.2912b(1), the conclusion should be viewed as dictum because those circumstances were not presented in *Halton*. As plaintiff argues, such a holding does not comport with the provision of EPIC that generally permits a personal representative to ratify acts by another that are beneficial to the estate. MCL 700.3701;[13] *Verbrugghe, supra* at 392-393. In this regard, the reasoning in *Halton* makes sense under the

---

[11] Justice MARKMAN expressed reservations about the analysis in *Halton*, which we share because, by relying on MCL 700.3701, the same result is reached in *Halton* without creating the restrictive precedent under MCL 600.2912b(1). See *Halton v Fawcett*, 471 Mich 912 (2004) (MARKMAN, J., concurring).

[12] Logic dictates that the fulfillment of a requirement by one fact does not preclude fulfillment of that requirement by another fact; e.g., merely because a complaint must be filed on a weekday, and Tuesday is a weekday, it does not logically follow that a complaint may not also be filed on Monday, Wednesday, Thursday, or Friday, which are also weekdays.

[13] MCL 700.3701 provides:

circumstances of that case, because the same human being filed both the notice of intent and the complaint even though the appointment as personal representative occurred after the notice of intent. It does not logically follow that the same human being must file both the notice of intent and the complaint in all cases.

Nevertheless, the conclusion in *Verbrugghe* is reasonably read, as defendants argue, to extend the *Halton* analysis and holding to the circumstances of this case. We reluctantly do so. The holding in *Verbrugghe,* as it is stated, extends to circumstances involving any successor personal representative, and by implication may extend to cases involving other representative parties, such as those representing minor children or disabled individuals. Accordingly, in such cases, no substitution could occur in a medical malpractice action even if the representative died in the interim between the filing of the notice of intent and the complaint.[14] We therefore urge this Court to more fully consider the implications and limitations of such a general rule.

A personal representative's duties and powers commence upon appointment. A personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment. Before or after appointment, a person named as personal representative in a will may carry out the decedent's written instructions relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept an act on behalf of the estate done by another if the act would have been proper for a personal representative.

[14] The new, successor representative would be obligated to begin the action anew with another notice of intent, which could, more often than not, preclude any action on the grounds that it was time-barred.

The conclusion seemingly mandated by the holding in *Verbrugghe* is particularly unjustified in the circumstances of this case, in which the notice of intent expressly stated that it was filed on behalf of the estate's "duly appointed Representative,"[15] and it is uncontested that the notice filed by the initial representative was not the notice of intent for the medical malpractice complaint filed by plaintiff, since Fler did not file a complaint, and plaintiff was appointed in the interim between the notice and the filing of the complaint. Further, it is clear that defendants themselves accepted that the notice of intent filed by Fler applied to a complaint filed by plaintiff. Plaintiff first filed the medical malpractice complaint on October 29, 2004, and, after defendants' objection that the complaint was filed prematurely because plaintiff failed to wait the required time after the notice of intent (filed by Fler) before filing the complaint, MCL 600.2912b(1), plaintiff voluntarily dismissed the October 29, 2004, complaint. After plaintiff refiled his complaint following the required waiting period, defendants subsequently[16] argued that plaintiff *himself* never filed a notice of intent, citing *Halton*.

In this case, it is undisputed that the person who served the notice of intent on defendants was not the same human being who filed suit. However, both the notice of intent and the complaint were filed by the personal representative of Swann's estate at the time of the act. Were we not bound by the holding in *Verbrugghe*, we would hold that MCL 600.2912b(1) was satisfied under the circumstances of this case.

---

[15] The notice of intent contained no reference to Fler personally.

[16] As plaintiff notes, defendants did not raise the notice of intent issue in their motions for summary disposition; it was raised only in Dr. Yashinsky's and Providence Hospital's reply briefs to plaintiff's response to Dr. Shairer's motion for summary disposition.

### IV. TIMELINESS

In light of the allegations in plaintiff's complaint regarding the last date of treatment by each defendant in this matter, i.e., the dates of the alleged negligence, we agree with the trial court that plaintiff's action was not time-barred.

MCL 600.5852 provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

"Under this provision, a personal representative may file a medical malpractice suit on behalf of a deceased person for two years after letters of authority are issued, as long as that suit is commenced within three years after the two-year malpractice limitations period expired." *Farley, supra* at 572-573.

Plaintiff timely filed this action within two years of the issuance of his letters of authority as successor personal representative, which satisfies MCL 600.5852. *Eggleston, supra.* In *Eggleston,* the Court addressed the issue "whether a successor personal representative has two years after appointment to file an action on behalf of an estate under the wrongful death saving statute, MCL 600.5852, or whether the two-year period is measured from the appointment of the initial personal representative." *Id.* at 30. The *Eggleston* Court held that the action was timely where the successor personal representative filed the complaint within two years after letters of authority were issued to him and within

three years after the period of limitations had run. *Id.* at 33. The Supreme Court noted that this Court had misread MCL 600.5852 as permitting a personal representative to bring an action within two years after *the* initial letters of authority were issued, when in fact, the statute has no such limiting language and refers simply to "letters of authority." *Id.* at 32-33.

The trial court correctly applied *Eggleston* to this case. Here, plaintiff successor personal representative was appointed and issued letters of authority on August 18, 2004. Plaintiff filed the complaint on January 25, 2005, which is within two years of the issuance of his letters of authority and within three years after the limitations period had run. MCL 600.5852.

Contrary to defendants' arguments, we find no basis for distinguishing this case from *Eggleston* merely because *Eggleston* involved the death of the initial personal representative or because Fler had ample time to commence this action and her grace period expired. In *Eggleston,* a unanimous Supreme Court decided the case solely on the basis of the statutory language of the wrongful death saving provision, stating:

> The statute simply provides that an action may be commenced by the personal representative "at any time within 2 years after letters of authority are issued although the period of limitations has run." The language adopted by the Legislature clearly allows an action to be brought within two years after letters of authority are issued to the personal representative. The statute does not provide that the two-year period is measured from the date letters of authority are issued to the initial personal representative. [*Eggleston, supra* at 33 (citation omitted).]

The statutory language unambiguously provides a personal representative a two-year grace period commencing with the issuance of his or her letters of authority.

*Id.* Accordingly, in *Verbrugghe, supra* at 388-390, this Court considered and rejected any basis for distinguishing *Eggleston* on grounds such as those posed by defendants. The trial court correctly denied defendants' motions for summary disposition under MCR 2.116(C)(7).

### V. DISPOSITION

Plaintiff argues that defendants failed to properly raise, preserve, and present the notice of intent issue for appeal. Having thoroughly reviewed the record, we find no basis for declining to consider the issue on these grounds in Docket No. 264029 (with respect to Dr. Schairer, Dr. Yashinsky, Dr. Raina, and Providence). These parties variously raised the failure to comply with MCL 600.2912b(1) as an affirmative defense and as an argument before the trial court, to which plaintiff responded without objection. Moreover, these defendants raised and argued this issue in their application for leave to appeal to this Court, and leave was granted on the basis of the issues raised.

However, in Docket No. 264091, we agree that a finding of waiver is proper with respect to Garden City. See *Burton v Reed City Hosp Corp*, 471 Mich 745, 754 n 4; 691 NW2d 424 (2005) (waiver of a defense may sometimes be shown by a course of acts and conduct, and in some cases will be implied on that basis). The record indicates that Garden City expressly accepted the notice of intent at issue as plaintiff's notice of intent. Garden City stated in its motion for summary disposition that "[p]laintiff failed to wait the 154 days from the time of serving *his* Notice of Intent to Sue . . . ." (Emphasis added.) In Garden City's brief in support of its motion for summary disposition, it stated, "Further, admittedly, Plaintiff filed a Notice of Intent to

Sue on July 8, 2004." Garden City clearly proceeded on the basis that plaintiff had *filed* a notice of intent pursuant to MCL 600.2912b(1). Moreover, Garden City did not raise the notice of intent issue in its application for leave to appeal to this Court.[17] Garden City is not entitled to relief on the basis of the notice of intent.

Pursuant to *Verbrugghe, supra* at 397, and its reading of *Halton,* plaintiff's action was subject to dismissal without prejudice. Given the absence of consideration below of the notice of intent issue, and the limited arguments on appeal, we remand this matter to the trial court for any decision concerning further proceedings, i.e., whether defendants, other than Garden City, are now entitled to dismissal with prejudice.

### VI. STATUTORY REVISIONS

This case exemplifies the continuing difficulties presented by recent developments in medical malpractice law. Given the intricacies of the statutory scheme and the nuances of cases interpreting those decisions, this area of medical malpractice law is fraught with peril for even the most careful practitioner. We urge the Legislature to consider revisions to the statutory scheme that would provide litigants and the courts with clear guidance to carry out the Legislature's intent in this area of law.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

JANSEN, P.J., concurred.

---

[17] We recognize that this Court may choose to address issues raised by codefendants in consolidated cases to avoid inconsistent results, *People v Hayden,* 132 Mich App 273, 288 n 8; 348 NW2d 672 (1984), but find it unnecessary to do so in this case.

ZAHRA, J. (*dissenting*). I respectfully dissent. Contrary to the majority, I find that the notice of intent to sue (notice) issue is not properly preserved for interlocutory review. I conclude that the majority is reaching to declare a conflict where the outcome of this case need not be determined by resolution of a conflict panel. I would not declare a conflict with *Verbrugghe v Select Specialty Hosp-Macomb County, Inc*, 270 Mich App 383; 715 NW2d 72 (2006), because *Verbrugghe* applied MCL 600.2912b under *Halton v Fawcett*, 259 Mich App 699; 675 NW2d 880 (2003), not under MCL 700.3701. Accordingly, I would affirm the trial court's decision denying defendants summary disposition. On remand, I would urge the trial court to consider the issue whether MCL 700.3701 modifies the meaning of "person," as defined by *Halton*, under MCL 600.2912b(1).

This Court may disregard the issue preservation requirements where refusal to consider the issue results in manifest injustice. *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95-96; 693 NW2d 170 (2005). I am not persuaded here that to avoid manifest injustice this Court need consider the notice issue.[1] There is no evidence that the trial court considered this

---

[1] Indeed, not only did Garden City fail to raise the notice issue before the trial court in its motion for summary disposition, Garden City also did not present this issue in its application for leave to appeal. MCR 7.205(D)(4). Thus, in regard to Docket No. 264091, the requirements for preserving the notice issue have clearly not been satisfied in this case.

Furthermore, the notice issue was only raised in defendants Providence's and Yashinsky's reply to plaintiff's response to their motion for summary disposition. While the record shows that some defendants concurred in other defendants' motions for summary disposition, the record does not show that any defendant concurred in Providence's and Yashinsky's motion for summary disposition. Thus, the issue is only arguably preserved with respect to Providence and Yashinsky, although they only raised the notice issue as an alternative argument that would be presented if the trial court found the action timely.

issue; indeed, Providence and Yashinsky only raised the issue in response to plaintiff's reply to a motion for summary disposition, claiming that, "[a]lternatively, if [the trial court] should find that the appointment of a successor personal representative renders this action timely, it must be dismissed without prejudice because Mr. Braverman has not sent a notice of intent." Although the trial court found the action timely, there is no indication that the trial court would err in deciding whether the case must be dismissed without prejudice where plaintiff himself did not file a notice.

A medical malpractice plaintiff must file a notice of intent to sue before commencing his or her action in the trial court. Specifically, MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

In *Halton, supra,* the plaintiff served the defendants with the requisite notice of intent. She was later appointed personal representative and filed suit in that capacity. *Id.* at 700-701. *Halton* noted that "the statute requires that *the* person commencing a medical malpractice action be the person who previously served a notice of intent on the defendant." *Id.* at 702 (emphasis in original). After consulting the dictionary, *Halton* concluded that "the word 'person' refers to a human being, whether in their individual or representative capacity." *Id.* at 704. *Halton,* therefore, held that because the plaintiff who filed suit was the same human being who served the notice of intent, albeit in a different capacity, "the statutory requirement that the

person who files the suit must have previously given notice of intent is satisfied." *Id.*

The majority claims that *Verbrugghe* "does not comport with the provision of [the Estate and Protected Individuals Code (EPIC)] that generally permits a personal representative to ratify acts by another that are beneficial to the estate. MCL 700.3701[.]" *Ante* at 82. In *Verbrugghe*, the initial personal representative filed a notice of intent to sue and later filed suit. The defendants moved for summary disposition on the basis that the suit was untimely. Before the summary disposition hearing, however, letters of authority were issued to the successor personal representative. *Verbrugghe, supra* at 386. The successor personal representative filed a second suit, and "specifically elected not to ratify the lawsuit brought by the initial personal representative." *Id.* at 392. Applying MCL 600.2912b(1) and *Halton*'s definition of "person" under that provision, *Verbrugghe* held that the "plaintiff herself was required to file or serve a notice of intent before commencing this lawsuit." *Id.* at 397. As noted by the majority, *ante* at 81, "*Verbrugghe* might be read as holding that no notice of intent was filed as a prerequisite to the second lawsuit since the first notice of intent clearly pertained to the previously filed, first lawsuit."

*Verbrugghe* did not address MCL 600.2912b(1) in conjunction with MCL 700.3701, and thus did not consider whether an initial personal representative is the same "person" as a successor personal representative under MCL 600.2912b(1). *Verbrugghe* did, however, address *Halton*. Under *Halton*, "the word 'person' refers to a human being, whether in their individual or representative capacity." *Halton* did not define "person" to include human beings that have the same representative capacities. This issue was never devel-

oped in the lower court and has not yet been addressed by this Court. In sum, neither the lower court nor this Court in *Verbrugghe* addressed whether, in light of EPIC, the "person" must be the same human being who filed a notice of intent. I would affirm the decision of the trial court and remand for further proceedings and development of this significant issue of law.