**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 26, 2003**

DENNIS EGGLESTON, as Personal
Representative of the Estate
of LOUISA EGGLESTON, Deceased,

    Plaintiff-Appellant,

v                                No. 121208

BIO-MEDICAL APPLICATIONS OF
DETROIT, INC. and FRESENIUS
MEDICAL CARE,

    Defendants-Appellees,

and

JAMES LAWSON, D.O., and JAMES
LAWSON, D.O., P.C.,

       Defendants.

_____

PER CURIAM

This case presents the question whether a successor personal representative has two years after appointment to file an action on behalf of an estate under the wrongful death saving statute, MCL 600.5852, or whether the two-year period is measured from the appointment of the initial personal

representative. The Court of Appeals affirmed summary disposition for defendants, holding that the plain language of the statute refers only to one set of letters of authority issued to the personal representative. 248 Mich App 640; 645 NW2d 279 (2001). However, the Court of Appeals misread the statute and then relied on that erroneous reading in reaching its decision. We reverse the judgments of the circuit court and the Court of Appeals because the statutory language simply provides that the two-year grace period is measured from the issuance of letters of authority.

I

Decedent received kidney dialysis treatment from defendants-appellees on June 21, 1996. She died the next day.

Decedent's widower was appointed temporary personal representative and issued letters of authority on April 4, 1997. He died on August 20, 1997.

Plaintiff, the son of the decedent and the first personal representative, was appointed successor personal representative, and letters of authority were issued to him on December 8, 1998. Plaintiff filed a complaint alleging medical malpractice on June 9, 1999.

Defendants moved for summary disposition under MCR 2.116(C)(7). Defendants argued that the action is barred by the two-year statute of limitations, MCL 600.5838a(2), which, they claimed, expired on June 21, 1998, two years after decedent's last treatment. Defendants also argued that the

2

wrongful death saving statute, MCL 600.5852, does not apply because the complaint was not filed within two years after the appointment of the first personal representative on April 4, 1997. Plaintiff responded that another two-year period began when he was appointed as successor personal representative. The circuit court agreed with defendants and granted summary disposition.

On appeal as of right, the Court of Appeals affirmed. The Court characterized plaintiff's argument as one advocating an "expansive reading" of the statute, whereas the law requires that the saving provision be given a "narrow reading," citing this Court's decision in *Lindsey v Harper Hosp*, 455 Mich 56, 65; 564 NW2d 861 (1997). The Court held that the statute should instead be construed and applied according to its plain terms.[1]

> Furthermore, the plain language of the saving clause refers to one set or "the" letters of authority, not multiple letters of authority. The statute applies to "the" personal representative, not "a" personal representative, which might suggest that any personal representative who receives letters of authority, initially or as a successor, has two years to file a claim. Clearly, if the Legislature had intended that the two-year grace period begin anew each time an appointment is terminated and a new appointment made, it could have easily done so by specifically stating as much. Absent language to that effect, we are bound to construe the saving provision strictly: the two-year limitation period begins when the probate court issues the letters of authority to the

---

[1] The Court of Appeals did not explain how, if at all, a "narrow reading" of the statute would differ from its plain meaning.

3

personal representative, regardless of whether the court later appoints one or more successor personal representatives. [248 Mich App 649.]

Plaintiff has applied for leave to appeal.

## II

We review de novo the interpretation and application of a statute as a question of law. If the language of a statute is clear, no further analysis is necessary or allowed. *Miller v Mercy Mem Hosp*, 466 Mich 196, 201; 644 NW2d 730 (2002).

## III

The question presented is of first impression. Although the Court of Appeals purported to construe and apply the plain language of MCL 600.5852, the Court misquoted the statute by inserting "the" before "letters of authority."

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after [the] letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run. [*Id.*]

The Court relied on this misquotation in holding that a personal representative must bring an action within two years after the initial letters of authority are issued to the first personal representative. This is not, however, what the statute says. The statute simply provides that an action may be commenced by the personal representative "at any time within 2 years after letters of authority are issued although

4

the period of limitations has run." *Id*. The language adopted by the Legislature clearly allows an action to be brought within two years after letters of authority are issued to the personal representative. The statute does not provide that the two-year period is measured from the date letters of authority are issued to the initial personal representative.

Plaintiff was "the personal representative" of the estate and filed the complaint "within 2 years after letters of authority [were] issued," and "within 3 years after the period of limitations ha[d] run." MCL 600.5852. The action was therefore timely.

Accordingly, we reverse the judgments of the circuit court and the Court of Appeals and remand this case to the circuit court for further proceedings. MCR 7.302(F)(1).

Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

5