HALTON v FAWCETT

Docket Nos. 241737, 241898. Submitted November 12, 2003, at Lansing. Decided December 9, 2003, at 9:35 A.M. Leave to appeal sought.

Ann Halton, personal representative of the estate of Robert Halton, deceased, brought a wrongful death action in the Genesee Circuit Court against Kenneth Fawcett, M.D., and Genesys Regional Medical Center, alleging medical malpractice. The defendants moved for summary disposition, alleging that the filing of the notice of intent to bring the action by Ann Halton before she was appointed personal representative of the decedent's estate failed to meet the requirement of MCL 600.2912b(1) that the person commencing a medical malpractice action be the person who previously served a notice of intent to bring the action. The court, Archie L. Hayman, J., denied the motions for summary disposition, finding that the statutory requirement was satisfied where the same human being, as an individual, gave the notice and, as the personal representative, filed the action. Each defendant appealed by leave granted. The appeals were consolidated.

The Court of Appeals held:

The word "person" in MCL 600.2912b(1) refers to a human being, whether in their individual or their representative capacity. The plaintiff is the same human being who is responsible for the filing of the notice of intent and the filing of the lawsuit. The statutory requirement that the person who files the suit must have previously given notice of intent to bring the suit was satisfied.

Affirmed.

ACTIONS — MEDICAL MALPRACTICE — WORDS AND PHRASES — PERSON.

A person who commences a medical malpractice action must be the person who previously served a notice of intent to bring the action on the defendant; a "person" for such purposes refers to a human being, whether in their individual or representative capacity; a person need not be first appointed the personal representative of a decedent's estate before serving notice of intent to bring a wrongful death action based on medical malpractice for the death of the decedent (MCL 600.2912b[1]).

*Charfoos & Christensen, P.C.* (by *David R. Parker* and *L.S. Charfoos*), for the plaintiff.

*Hackney Grover Hoover & Bean, PLC* (by *Marcy R. Matson* and *Brett J. Bean*), for Kenneth Fawcett, M.D.

*Bigler, Berry, Johnston, Sztykiel & Hunt* (by *Bruce E. Bigler, Lisa C. Stoy,* and *Thomas C. Boylan*) for Genesys Regional Medical Center.

Before: SAWYER, P.J., and GRIFFIN and SMOLENSKI, JJ.

SAWYER, P.J. We granted leave to appeal in this case to consider the question whether a person must have been formally appointed the personal representative of a decedent's estate before the person may file a notice of intent to bring a wrongful death action based upon a claim of medical malpractice. We hold that, because no such requirement is imposed by statute, a notice of intent may be filed by the person who is eventually appointed the personal representative even before their appointment, and, therefore, we affirm.

In this case, plaintiff's decedent died from cancer of the gall bladder on February 10, 2001. On March 7, 2001, the statutory notice of intent to file a medical malpractice action was given to both defendants by the plaintiff. Plaintiff was appointed personal representative of the decedent's estate on April 12, 2001. The instant action was filed on September 28, 2001. For purposes of this appeal, it is assumed that, if the notice of intent is defective, the period of limitations would have run before the lawsuit was filed; on the other hand, if the notice of intent is sufficient, the

period of limitations would be tolled and the filing of the lawsuit would be timely.

At issue here is the following provision of MCL 600.2912b(1):

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

In essence, defendants argue that the statute requires that the person who gives notice of intent to bring the malpractice action be the same person who actually brings the action. Further, defendants argue, plaintiff gave notice in her individual capacity and thereafter brought suit in her capacity as personal representative of the estate. Defendants argue that plaintiff the individual is a different person than plaintiff the personal representative and, therefore, the notice of intent filed by plaintiff the individual does not satisfy the requirement that the person who files the notice of intent be the same person who brings the suit because this suit was brought by plaintiff the personal representative. Plaintiff responds that the requirement that the notice be given by the same person who brings the suit is satisfied if it is the same human being who gives notice and that plaintiff the individual and plaintiff the personal representative are the same human being and, therefore, the statute was complied with. We agree with plaintiff, as did the trial court.

With the use of the definite article "the" with the second occurrence of the word "person" in MCL

600.2912b(1), it is clear that the statute requires that *the* person commencing a medical malpractice action be the person who previously served a notice of intent on the defendant. The question becomes, then, whether the individual who becomes personal representative of an estate is a different "person" in his individual capacity than he is in his representative capacity. Because the relevant fact, that plaintiff's appointment as personal representative came after the notice of intent was served on defendants, is undisputed, the question whether the period of limitations had run in this case presents a question of statutory interpretation, which we review de novo.[1]

As the Supreme Court said in *Roberts v Mecosta Co Gen Hosp*,[2] unambiguous statutes are to be interpreted as written:

> An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. *People v Wager*, 460 Mich 118, 123, n 7; 594 NW2d 487 (1999). To do so, we begin with an examination of the language of the statute. *Wickens v Oakwood Healthcare System*, 465 Mich 53, 60; 631 NW2d 686 (2001). If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999).

---

[1] *Oakland Co Bd of Co Rd Comm'rs v Michigan Prop & Cas Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

[2] 466 Mich 57, 63; 642 NW2d 663 (2002).

The word "person" is not defined in MCL 600.2912b. Accordingly, we turn to the dictionary to determine its ordinary meaning.[3] The *Random House Webster's College Dictionary* (2d ed) defines "person," in part, as:

> 1. a human being; a man, woman, or child. 2. a human being as distinguished from an animal or a thing. 3. The actual self or individual personality of a human being. 4. the body of a living human being, sometimes including the clothes being worn.

It is not until the sixth definition that we see some reference beyond just a human being: "a human being or other entity, as a partnership or corporation, recognized by law as having rights and duties." *Id.*

Turning to the Estates and Protected Individuals Code (EPIC),[4] we see nothing that suggests that a personal representative is a separate legal entity such as a partnership or corporation. Rather, EPIC defines "personal representative" as "an executor, administrator, successor personal representative, and special personal representative, and any other person who performs substantially the same function under the law governing that person's status."[5] Thus, EPIC recognizes that a "personal representative" is a "person" rather than a separate legal entity.

Moreover, had the Legislature wished to require that the person giving the notice of intent in a medical malpractice action where the patient has died be the personal representative of the decedent's estate,

---

[3] *In re Certified Question from the United States Court of Appeals for the Sixth Circuit*, 468 Mich 109, 113; 659 NW2d 597 (2003).

[4] MCL 700.1101 *et seq.*

[5] MCL 700.1106(n).

the Legislature could have so provided. Indeed, in the wrongful death statute, the Legislature provided that a wrongful death action must be brought in the name of the personal representative.[6] Thus, the Legislature has demonstrated its willingness to require that a person be acting in their representative capacity when it has desired to impose such a requirement. The Legislature chose to include no such requirement in MCL 600.2912b(1).

In sum, the word "person" refers to a human being, whether in their individual or representative capacity. Plaintiff is the same human being who is responsible for the notice of intent and the filing of the lawsuit. Therefore, the statutory requirement that the person who files the suit must have previously given notice of intent is satisfied. To impose a requirement that the appointment to the position of personal representative be made before the serving of the notice of intent would create a statutory requirement that simply does not exist and for which the courts have no authority to impose.[7]

In light of our determination above, we need not determine whether, because plaintiff was acting in good faith, her appointment as personal representative should relate back to the serving of the notice of intent.[8]

For the above reasons, we conclude that the trial court properly denied defendants' motions for summary disposition.

Affirmed. Plaintiff may tax costs.

---

[6] MCL 600.2922(2).

[7] *Roberts, supra* at 66.

[8] See *Saltmarsh v Burnard,* 151 Mich App 476, 491; 391 NW2d 382 (1986).