WHITWOOD, INC v SOUTH BOULEVARD PROPERTY
MANAGEMENT COMPANY

Docket No. 251391. Submitted February 1, 2005, at Lansing. Decided
April 12, 2005, at 9:00 a.m.

Whitwood, Inc., and Whitton Woodworth Corporation brought an
action in the Oakland Circuit Court against South Boulevard
Property Management Company and others, including Dirk and
Ruth Dieters (the defendants), to recover damages for the breach of
a contract to purchase a restaurant from the plaintiffs. The defen-
dants had signed personal guarantees for part of the contract
amount. The parties entered into a consent judgment against the
defendants. The plaintiffs subsequently served a request and writ of
garnishment against funds held in the defendants' checking ac-
count. The defendants moved to quash the garnishment, asserting
that the funds in the account consisted solely of deposits of proceeds
from their social security retirement benefits and public teacher
retirement benefits, which the defendants argued were exempt
from garnishment under 42 USC 407(a) and MCL 38.1683. The
court, Gene Schnelz, J., denied the motion. The defendants appealed
by leave granted.

The Court of Appeals *held*:

The language of 42 USC 407(a) expressly protects money
received as social security payments from execution or garnish-
ment after it is received, even after the recipient deposits the
funds in a bank account. The trial court clearly erred when it
found that the protection against garnishment ended when the
social security proceeds were deposited. MCL 38.1683, however,
does not contain similar language expressly protecting money
paid as retirement benefits from garnishment after receipt by the
beneficiary, but only protects a retiree's right to a benefit. The
trial court properly found that the public teacher retirement
benefits deposited into the defendants' bank account are subject
to garnishment.

Affirmed in part, reversed in part, and remanded for a deter-
mination of the amount subject to garnishment.

1. GARNISHMENT — EXEMPTIONS — SOCIAL SECURITY RETIREMENT BENEFITS.

Money received as social security benefits is not subject to execution

or garnishment, even after the funds are received and deposited by the recipient in a bank account (42 USC 407[a]).

2. GARNISHMENT — EXEMPTIONS — PUBLIC EMPLOYEE RETIREMENT BENEFITS.

The Public Employee Retirement Benefit Protection Act forbids execution against or garnishment of a pensioner's retirement benefit, but does not protect pension proceeds from garnishment after they have been received by the pensioner and deposited in a bank account (MCL 38.1683).

*Lawrence J. Stockler & Associates, P.C.* (by *Lawrence J. Stockler*), for Whitwood, Inc., and Whitton Woodworth Corporation.

*Jerry L. Watson* for Dirk and Ruth Dieters.

Before: FORT HOOD, P.J., and GRIFFIN and DONOFRIO, JJ.

DONOFRIO, J. Defendants, Dirk and Ruth Dieters, appeal by leave granted the order denying their motion to quash garnishment in this breach of contract action. Because money received as social security retirement benefits is exempt from garnishment pursuant to 42 USC 407(a), we reverse the portion of the trial court's order finding that social security retirement benefits are unprotected from garnishment once deposited in a bank account. We affirm in all other respects and remand for further proceedings. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

I. SUBSTANTIVE FACTS

This case arose out of defendants' purchase of a restaurant from plaintiffs. Defendants signed personal guarantees for part of the contract amount. The business failed and plaintiffs brought this action to recover

on the contract and the guarantees. The parties entered into a consent judgment against defendants for $156,000 in July 1999. In August 2003, plaintiffs served a request and writ of garnishment against funds held in defendants' checking account at Bank One. Defendants moved to quash the garnishment, asserting that the funds in the account consisted solely of deposits of proceeds from their social security retirement benefits and public teacher retirement benefits. Defendants argued that these funds were exempt from garnishment or execution under 42 USC 407(a) and MCL 38.1683, so the garnishment must be quashed. In support of their motion, defendants presented the deposit pages from their account statements from December 6, 2002, through August 6, 2003. The partial bank statements showed regular deposits designated "Som Retirement Payments," i.e., the public teacher retirement payments, and "Us Treasury 310 Soc Sec," i.e., the social security payments. After holding a hearing on the matter, the trial court denied the motion to quash the garnishment, finding that the funds lost their protection from alienation when they were deposited with the bank. This Court granted leave to appeal.

## II. STANDARD OF REVIEW

Statutory interpretation is a question of law that this Court reviews de novo. If the language of a statute is clear, no further analysis is necessary or allowed. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

## III. ANALYSIS

Defendants first argue that the proceeds from social security benefits continue to be exempt from garnishment after the funds have been deposited in a bank

account. Garnishment of social security payments is governed by 42 USC 407(a), which provides:

> The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

The second clause of this section expressly protects money received as social security payments from garnishment after it is received. *Philpott v Essex Co Welfare Bd,* 409 US 413, 416-417; 93 S Ct 590; 34 L Ed 2d 608 (1973); See also *State Treasurer v Abbott,* 468 Mich 143, 155; 660 NW2d 714 (2003). Plainly, pursuant to 42 USC 407(a), money received as social security benefits is not subject to execution or garnishment even after received and deposited by the recipient. Therefore, the trial court clearly erred when it found that the protection against garnishment ended when the social security proceeds were deposited into defendants' account.

Similarly, defendants argue that the proceeds from public teacher retirement benefits continue to be exempt from garnishment after the funds have been deposited in a bank account. The statute governing the garnishment of retirement benefits is MCL 38.1683 which provides:

> The right of a member or retirant of a retirement system to a retirement benefit shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other process of law and shall be unassignable.

In contrast to 42 USC 407(a), the language of MCL 38.1683 is less comprehensive. Unlike 42 USC 407(a), the plain language of MCL 38.1683 does not expressly

protect money paid as retirement benefits once those funds are received by the beneficiary.

Our Supreme Court explained the significance of a similar difference between 42 USC 407(a) and 29 USC 1056(d)(1):

> "Because Congress did not include similar explicit language protecting benefits in the related context in ERISA [the Employee Retirement Income Security Act], we infer Congress made a deliberate decision [that] retirement income paid and received was not thereafter protected from garnishment." [*State Treasurer, supra* at 156, quoting *Guidry v Sheet Metal Workers Int'l Ass'n*, 10 F3d 700, 712 (CA 10, 1993) mod on reh 39 F 3d 1078 (CA 10, 1994)].

Ultimately, our Supreme Court found that the anti-alienation language in ERISA at 29 USC 1056(d)(1) did not preclude the state from ordering the distribution of the defendant's pension funds after they were deposited in his account. Unlike the federal Social Security Act, MCL 38.1683 expressly forbids execution against or garnishment of a pensioner's retirement benefit, but does not include language protecting benefit money received from garnishment after those funds have been received and deposited by the beneficiary. The plain language of MCL 38.1683 does not include an express prohibition against garnishment of "moneys paid" as retirement benefits, but instead only protects a retiree's *right* to a benefit. Because MCL 38.1683 does not provide for continued entitlement to retirement benefits after they have been paid out, the trial court properly found that retirement benefits deposited into a bank account are subject to garnishment.

### IV. CONCLUSION

The federal statute, 42 USC 407(a), provides a continuing shield against garnishment of money received

as social security benefits even after deposited by the recipient. In contrast, MCL 38.1683 does not provide for continued entitlement to retirement benefits after they have been paid out.

Affirmed in part, reversed in part, and remanded for a determination of the amount properly subject to garnishment. We do not retain jurisdiction.