BRAVERMAN v GARDEN CITY HOSPITAL

Docket Nos. 264029, 264091. Submitted February 2, 2007, at Lansing. Decided June 5, 2007, at 9:10 a.m. Leave to appeal granted, 480 Mich ___.

Eric A. Braverman, as successor personal representative of the estate of Patricia Swann, deceased, brought an action in the Wayne Circuit Court against Garden City Hospital, John R. Schairer, D.O., Gary Yashinsky, M.D., Abhinav Raina, M.D., and Providence Hospital and Medical Centers, Inc., alleging medical malpractice in connection with Swann's death. The person originally appointed as personal representative had filed a notice of intent to sue, but had not filed a complaint. Relying on this notice of intent, Braverman filed his complaint after the two-year period of limitations for medical malpractice actions had expired, but within two years after his letters of authority were issued. The defendants moved for summary disposition on the ground that Braverman had not timely filed the action. The court, Daphne Means Curtis, J., denied the defendants' motions, reasoning that, because the successor personal representative had filed the complaint within the two-year wrongful death saving period of MCL 600.5852, the action was not time-barred. Providence Hospital and the three doctors appealed by leave granted, as did Garden City, and the appeals were consolidated. The Court of Appeals, JANSEN, P.J., and NEFF, J. (ZAHRA, J., dissenting), reversed and remanded for further proceedings. The Court agreed with the trial court that Braverman's action was timely filed under the holding of *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29 (2003). The Court also concluded, however, that it was required by MCR 7.215(J)(1) to follow the holding in *Verbrugghe v Select Specialty Hosp-Macomb Co*, 270 Mich App 383 (2006), that the same person who filed the notice of intent required under MCL 600.2912b(1) must also file the complaint. Had it not been obligated to follow *Verbrugghe*, the Court would have held that a successor personal representative such as Braverman may file a complaint that is based on a notice of intent filed by a predecessor personal representative. The Court further held that Garden City was not entitled to relief on this basis because it had expressly accepted the notice of intent as valid and did not raise the issue in its application for leave to appeal. 272 Mich App 72 (2006). The Court convened a

special panel to resolve the conflict between this case and *Verbrugghe* and vacated part III of its prior opinion in this case. 272 Mich App 801 (2006).

After consideration by the special panel, the Court of Appeals *held*:

The prior panel in this case correctly determined that *Halton v Fawcett*, 259 Mich App 699 (2003), the case on which *Verbrugghe* relied, does not require that the same natural person who filed the notice of intent must also file the complaint in a situation involving a duly appointed personal representative who succeeded a duly appointed predecessor personal representative. MCL 600.2912b(1) has no bearing on the powers of a personal representative under the Estates and Protected Individuals Code, MCL 700.1101 *et seq*. The term "person" in MCL 600.2912b(1) includes a person acting in a representative capacity and includes any duly appointed personal representative of an estate, such as a successor personal representative. The notice of intent given by a predecessor personal representative can support a complaint filed by a successor personal representative.

Part III of prior opinion replaced with this opinion.

NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT TO SUE — PERSONAL REPRESENTATIVES.

A notice of intent to sue given by a duly appointed predecessor personal representative can support a complaint filed by a duly appointed successor personal representative (MCL 600.2912b[1]).

*Allan Falk, P.C.* (by *Allan Falk*), for Eric A. Braverman.

*Feikens, Stevens, Kennedy & Galbraith, P.C.* (by *Jon Feikens*), for Garden City Hospital.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for John Schairer, D.O., Gary Yashinsky, M.D., Abhinav Raina, M.D., and Providence Hospital and Medical Centers, Inc.

Before: WHITE, P.J., and CAVANAGH, SAAD, HOEKSTRA, O'CONNELL, OWENS, and COOPER, JJ.

PER CURIAM. Pursuant to MCR 7.215(J), this Court convened a special panel to resolve the conflict between

the opinions in *Braverman v Garden City Hosp*, 272 Mich App 72; 724 NW2d 285 (2006) (*Braverman I*), vacated in part 272 Mich App 801 (2006),[1] and *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 270 Mich App 383; 715 NW2d 72 (2006), application for leave to appeal held in abeyance pending decision in *Washington v Sinai Hosp of Greater Detroit*, unpublished opinion of the Court of Appeals, issued December 1, 2005 (Docket No. 253777), lv gtd 475 Mich 909 (2006). See 722 NW2d 885 (2006). This matter is being decided without oral argument pursuant to MCR 7.215(J)(5).

We conclude that the instant case is distinguishable from *Verbrugghe*, and that *Halton v Fawcett*, 259 Mich App 699; 675 NW2d 880 (2003), on which *Verbrugghe* relied, is not properly interpreted to mean that the same natural person who files the notice of intent must file the complaint in situations involving a duly appointed personal representative who succeeds a duly appointed predecessor personal representative. Part III of *Braverman I*, vacated by an earlier order of this Court, is replaced with the following opinion, which concludes that a notice of intent sent by a predecessor personal representative can support a complaint filed by a successor personal representative.

I

Plaintiff's decedent, Patricia Swann, went to defendant Garden City Hospital on April 18, 2000, complaining of chest pain and other problems. She was treated by defendant John R. Schairer, D.O., who released her on April 21, 2000, without performing a stress test.

---

[1] The order vacated part III of *Braverman I*, which addressed the notice of intent to sue.

In October 2001, Swann became dizzy at home, fell, and struck her head. She again went to Garden City Hospital, where Dr. David Komasara closed her scalp laceration with staples and ordered a CAT (computerized axial tomographic) scan of her head. Defendant Gary Yashinsky, M.D., removed Swann's staples on October 19, 2001. Although Swann complained of dizziness at the time, Yashinsky made no attempt to diagnose the cause.

In November 2001, Swann was admitted to defendant Providence Hospital, where she was attended by defendant Abhinav Raina, M.D., who discharged her without ordering a Holter monitor (a portable device that monitors the heart's electrical activity) or a stress test. Swann died at home on February 18, 2002, as the result of "fibromuscular dysplasia of the small coronary arteries." Plaintiff asserts that defendants were negligent for failing to diagnose and treat the condition.

Swann's mother, Grace Fler, was initially appointed personal representative of Swann's estate on October 29, 2002. In June 2004, Fler petitioned to resign as personal representative and for the appointment of plaintiff as her successor. While that petition was pending, on July 8, 2004, Fler's attorney served defendants with a notice of intent to sue.

The notice lists as "Claimant" the "Estate of Patricia Swann, Individually, and through her duly appointed Representative." The notice suggests that the physicians who treated Swann from April 2000 to November 2001 should not have discharged her without performing further cardiac testing, through either a stress test or a Holter monitor, which would have led to further treatment that would have prevented her death.

Plaintiff was appointed personal representative of the estate on August 18, 2004. Plaintiff filed suit on

October 29, 2004. That complaint was voluntarily dismissed because the period during which an action could not be commenced following service of the notice had not expired. Plaintiff refiled on January 25, 2005.

All defendants filed motions for summary disposition on the ground that the limitations period had expired. The trial court denied defendants' motions for summary disposition, citing *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29; 658 NW2d 139 (2003).

This Court granted leave to appeal and consolidated the appeals of the Garden City defendants and the other defendants. The *Braverman I* majority held that the trial court properly applied *Eggleston* in denying defendants' motions for summary disposition. *Braverman I,* 272 Mich App at 76. But the majority went on to conclude that this case goes beyond the question of timeliness "because plaintiff was not the same 'person' who filed the notice of intent . . . ." *Id.* The *Braverman I* majority noted that the holding in *Verbrugghe* was based on *Halton* and that "despite the distinct factual circumstances, *Verbrugghe* does not limit its reliance on *Halton*." *Id.* at 77. Thus, the *Braverman I* majority concluded that the holding in *Verbrugghe* "must be read to generally require that the same human being that files the notice of intent must file the complaint . . . despite any substitution of parties . . . ." *Id.* The majority thus reluctantly held that defendants had a sound basis for summary disposition. *Id.* at 75-77, 83-84. However, the majority concluded that Garden City Hospital had waived that defense, having "expressly accepted the notice of intent at issue as plaintiff's notice of intent." *Id.* at 87. Accordingly, the majority chose to "remand this matter to the trial court for any decision concern-

ing further proceedings, i.e., whether defendants, other than Garden City, are now entitled to dismissal with prejudice." *Id.* at 88.[2]

II

This case concerns the interplay between the ordinary statute of limitations, the notice requirements and attendant tolling, the saving statute for personal representatives, and the provisions regarding successor personal representatives.

MCL 600.5805(6) provides generally that an action alleging malpractice must be commenced within two years after the claim accrues. In cases of medical malpractice, MCL 600.2912b(1)[3] adds the requirement that a medical malpractice plaintiff give notice of intent to sue "not less than 182 days before the action is commenced." MCL 600.5856(c) further provides that the period of limitations is tolled at the time notice is given "if during that period a claim would be barred by the statute of limitations or repose; but in this case, the

---

[2] Before appellate briefs were filed in the instant conflict matter, Garden City Hospital filed a motion for reconsideration (Docket No. 264091) of part V of *Braverman I*, in which the majority concluded that Garden City waived the defense of Braverman's failure to file his own notice of intent. This Court ordered that Garden City's motion for reconsideration be submitted to the original panel after the issuance of this opinion. Unpublished order of the Court of Appeals, entered October 20, 2006 (Docket No. 264091). Thus, this opinion does not address Garden City's argument that it did not waive that defense.

[3] MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, *a person* shall not commence an action alleging medical malpractice against a health professional or health facility unless *the person* has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis added.]

statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given."

MCL 600.5852 provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

However, the tolling provision of MCL 600.5856 does not operate to extend the two years during which a personal representative may file a malpractice claim. *Waltz v Wyse*, 469 Mich 642, 655; 677 NW2d 813 (2004). And "the three-year ceiling in the wrongful death saving provision is not an independent period in which to file suit; it is only a limitation on the two-year saving provision itself." *Farley v Advanced Cardiovascular Health Specialists, PC,* 266 Mich App 566, 575; 703 NW2d 115 (2005). But a successor personal representative has a new two-year period in which to file a medical malpractice case from the time he or she is granted letters of authority, if he or she acts within three years after the period of limitations has run. *Eggleston,* 468 Mich at 33.

In this case, the question is whether plaintiff, as successor personal representative, could file suit in reliance on his predecessor's service on defendants of the notice of intent to sue.

III

*Braverman I* set forth the pertinent facts of *Verbrugghe*:

In *Verbrugghe,* . . . as in this case, a successor personal representative was appointed. However, in *Verbrugghe,* unlike here, the initial personal representative had already filed a notice of intent and a medical malpractice complaint. The successor personal representative was then appointed and replaced the initial representative on the caption of the complaint. Additionally, the successor personal representative filed a second complaint in the same circuit court, without filing a notice of intent. The trial court dismissed the second lawsuit on statute of limitations grounds, as well as other grounds. *Verbrugghe,* [270 Mich App] at 385-387. On appeal, this Court found that, pursuant to the holding in *Eggleston,* the second lawsuit was not time-barred under MCL 600.5852, or precluded on principles of res judicata, but the lawsuit was nevertheless properly dismissed without prejudice. In so holding, the Court stated:

"The trial court also dismissed this case on statute of limitations grounds, MCR 2.116(C)(7), as well as offering several alternative grounds supporting its decision. Central to this appeal is whether MCL 600.5852, as enforced by *Eggleston*[, *supra*], allowed plaintiff to bring this second lawsuit. We conclude that under the statute and *Eggleston,* plaintiff could do so. We also hold that res judicata did not bar this lawsuit, because a dismissal on statute of limitations grounds does not constitute an adjudication on the merits. Accordingly, we reverse the trial court's order dismissing this case with prejudice, *and, for the reasons stated below, remand for entry of an order of dismissal without prejudice.* [*Verbrugghe, supra* at 385 (emphasis added).]"

After a thorough discussion of the statute of limitations and res judicata issues, the Court briefly addressed the notice of intent issue in one paragraph:

"The trial court's final reason for dismissal was that plaintiff's complaint was subject to dismissal because the successor personal representative failed to serve a notice of intent on defendants, citing MCL 600.2912b(1) and *Halton*[, *supra*]. The trial court and defendants are correct in this last assertion, *as plaintiff herself was required to file a*

*notice of intent* before commencing this lawsuit. [*Id.*] However, the remedy for this deficiency is a dismissal without prejudice. See *Neal v Oakwood Hosp Corp,* 226 Mich App 701, 715; 575 NW2d 68 (1997) ("[D]ismissal without prejudice" would be the "appropriate sanction for plaintiff's noncompliance with [MCL 600.2912b(1)]"). [*Verbrugghe, supra* at 397 (emphasis added).]" [*Braverman I,* 272 Mich App at 79-80.]

While we conclude that the instant case is distinguishable from *Verbrugghe,* because it involves neither a predecessor's commencement of suit nor any subsequent disclaimer of a predecessor's action relating to a prior suit,[4] the *Braverman I* majority concluded that *Verbrugghe* was nevertheless controlling. A majority of this Court has determined that the conflict between the

---

[4] The *Verbrugghe* Court, relying on *Halton,* held that if a predecessor personal representative had served a notice of intent, which was then followed by an untimely complaint, a successor personal representative's complaint that was timely in its own right under *Eggleston* could not stand if the successor had failed to precede it with her own notice of intent. *Verbrugghe,* 270 Mich App at 386, 397. The *Braverman I* majority read *Verbrugghe* as thus impliedly holding that a successor personal representative cannot rely on the notice provided by the predecessor. The basis for the *Verbrugghe* Court's decision is not clear. The Court simply accepted the proposition that the successor personal representative was required to file her own notice of intent under MCL 600.2912b(1) and *Halton.* However, earlier in the opinion, the Court determined that the successor personal representative was not bound by the dismissal of the prior suit because she had specifically elected not to ratify the lawsuit filed by the initial personal representative and had instead chosen to file a new one. The *Verbrugghe* Court further noted that MCL 700.3701 envisions ratification of actions beneficial to the estate, which the untimely commencement of an action was not. *Verbrugghe,* 270 Mich App at 392. The successor's disclaimer of the predecessor's lawsuit could have been taken to include a disclaimer of the notice of intent on which it was based as well. Thus, *Verbrugghe* does not answer the question whether a successor personal representative may rely on the predecessor's notice of intent if the successor is appointed before a complaint based on that notice of intent is filed. Thus, the *Braverman I* majority could properly have distinguished *Verbrugghe.*

*Braverman I* and *Verbrugghe* panels' interpretations of *Halton* should be addressed, and we thus address it.

IV

We agree with the *Braverman I* majority that *Halton,* on which *Verbrugghe* relied, is not properly interpreted to mean that the same natural person who files the notice of intent must file the complaint when duly appointed predecessor and successor personal representatives are involved.

In *Halton,* this Court ruled that "a notice of intent may be filed by the person who is eventually appointed the personal representative even before [his or her] appointment . . . ." *Halton,* 259 Mich App at 700. The *Halton* Court explained: "[I]t is clear that the statute requires that *the* person commencing a medical malpractice action be the person who previously served a notice of intent on the defendant." *Id.* at 702, citing MCL 600.2912b(1) (emphasis in original). The *Halton* Court added: "[T]he word 'person' refers to a human being, whether in [his or her] individual or representative capacity." *Halton,* 259 Mich App at 704.[5] Thus, the *Halton* Court concluded that the notice of intent was valid because it was served by the same person. This conclusion is consistent with MCL 700.3701, which provides that a "personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment." While it is unclear why the issue presented in *Halton* was not analyzed under the provision of MCL 700.3701 that the appointment of a personal represen-

---

[5] The *Braverman I* majority distinguished *Halton,* and thus refrained from declaring a conflict with it. See the quotation from *Braverman I,* 272 Mich App at 81-82, later in this opinion.

tative relates back to acts preceding the appointment, it is nonetheless clear that the issue presented here—whether a notice of intent filed by a predecessor personal representative can support a complaint filed by a successor personal representative—was neither presented nor addressed in *Halton.*

We hold that *Braverman I* correctly determined that *Halton* does not preclude a successor personal representative's reliance on his or her predecessor's notice of intent. As the *Braverman I* majority observed:

> In *Halton,* the Court simply held that the fact that the person who filed the complaint was the same human being who filed the notice of intent sufficed under the plain language of MCL 600.2912b(1). But the analysis in *Halton* suggests that a personal representative acting in the representative capacity does not meet the definition of "person," and thus MCL 600.2912b(1) is not satisfied if a different human being is substituted as personal representative. . . .
>
> \* \* \*
>
> In summarizing its analysis, the *Halton* Court stated that "the word 'person' refers to a human being, whether in their individual or representative capacity." However, merely because the statutory requirement is met under the circumstances in *Halton* does not preclude a conclusion that the statutory requirement is also met if the person is the same person in a representative capacity.
>
> To the extent that *Halton* concludes that distinct human beings, acting successively as a personal representative for the same estate, cannot satisfy MCL 600.2912b(1), the conclusion should be viewed as dictum because those circumstances were not presented in *Halton.* [*Braverman I,* 272 Mich App at 81-82 (citation omitted).]

We hold that MCL 600.2912b(1) has no bearing on a personal representative's powers under the Estates and

Protected Individuals Code, MCL 700.1101 *et seq.* Although *Halton* correctly observed that a personal representative is a "person" rather than a legal entity, an estate is a legal entity, and that entity acts through a personal representative. We see no reason to conclude that a predecessor personal representative and a successor personal representative are different persons under MCL 600.2912b(1), when each is acting in his or her representative capacity, such that a successor personal representative cannot rely on the notice sent by a predecessor personal representative. Rather, we conclude that the term "person" in MCL 600.2912b(1) includes a person acting in a representative capacity and includes the duly appointed personal representative of an estate, whoever that person may be at any given time.

We thus resolve the conflict by replacing part III of *Braverman I,* which was vacated by an earlier order of this Court, with this opinion.