ESTATE OF DALE v ROBINSON

Docket Nos. 269352, 269353, and 269354. Submitted July 2, 2008, at Lansing. Decided July 22, 2008, at 9:05 a.m.

R. J. Nunley, the personal representative of the estate of C. Joyce Dale, deceased, served a notice of intent to bring a wrongful-death medical-malpractice action on Stephen W. Robinson, Jr., M.D., other physicians, and several health facilities. Dawn Merlone, the successor personal representative of the estate, subsequently brought the action in the Calhoun Circuit Court. Peter W. Barrett, M.D., Doctors Group, P.C., and Jin-Chul Kim, M.D., moved for summary disposition on statute-of-limitations grounds, arguing that Nunley had sent the notice after the period of limitations expired and that the notice had not tolled the wrongful-death saving period set forth in MCL 600.5852, which allows personal representatives additional time to file suit. Battle Creek Health System and Cancer Care Center also moved for summary disposition on the same grounds and on the ground that Merlone's appointment as the successor personal representative did not give her an additional two-year period within which to bring the action. Robinson and Second Opinion, P.C., also moved for summary disposition on the same grounds as those raised in the other two motions. The court, Conrad J. Sindt, J., denied the motions, concluding that *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29 (2003), allowed a successor personal representative such as Merlone two years from the date of her appointment to bring an action and that she had filed the complaint in a timely fashion. The defendants sought leave to appeal in three separate applications. The Court of Appeals denied the applications, but the Supreme Court remanded the matters to the Court of Appeals for consideration as on leave granted. 474 Mich 1098 (2006). The Court of Appeals consolidated the appeals and twice held them in abeyance pending the decisions by special panels of the Court convened for cases involving similar or related issues.

The Court of Appeals *held*:

The trial court did not err by denying the defendants summary disposition. Merlone's complaint was timely under *Eggleston*. She filed the complaint as the personal representative of Dale's estate

within two years after her letters of authority were issued and within three years after the period of limitations had run, as required by MCL 600.5852. The two-year period is measured from the date that letters of authority are issued to any personal representative, regardless of whether that person is the initial personal representative or a successor. Further, a successor personal representative may rely on the notice of intent filed by a predecessor personal representative.

Affirmed.

NEGLIGENCE — MEDICAL MALPRACTICE — LIMITATION OF ACTIONS — PERSONAL REPRESENTATIVES — WRONGFUL-DEATH ACTIONS — SAVING PERIOD.

The two-year saving period for a personal representative to bring an action on behalf of a decedent's estate is measured from the date that letters of authority are issued to the personal representative, regardless of whether that person is the initial personal representative or a successor personal representative (MCL 600.5852).

*Aardema, Whitelaw & Sears-Ewald, PLLC* (by *Dolores Sears-Ewald* and *Timothy P. Buchalski*), for Steven W. Robinson, Jr., M.D., and Second Opinion, P.C.

*Johnson & Wyngaarden, P.C.* (by *Robert M. Wyngaarden* and *Michael L. Van Erp*), for Battle Creek Health System and Cancer Care Center.

*Plunkett & Cooney* (by *Robert G. Kamenec*) for Peter W. Barrett, M.D., Doctors Group, P.C., and Jin-Chul Kim, M.D.

Before: SAWYER, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM. These consolidated appeals are before us for consideration as on leave granted. In Docket No. 269352, defendants Stephen William Robinson, Jr., M.D., and Second Opinion, P.C. (collectively "the Robinson defendants"), appeal the trial court's order denying their motion for summary disposition. In Docket No. 269353, defendants Battle Creek Health System and Cancer Care Center (collectively "BCHS") appeal

the same order denying their motion for summary disposition. In Docket No. 269354, defendants Peter Walter Barrett, M.D., Doctors Group, P.C., and Jin-Chul Kim, M.D. (collectively "the Barrett defendants"), also appeal the same order denying their motion for summary disposition. All defendants argue (1) that the complaint filed by plaintiff Dawn Merlone, the successor personal representative of the estate of C. Joyce Dale, was barred by the statute of limitations and (2) that Merlone did not properly commence this medical-malpractice action because she is not the same person who served the notice of intent on defendants. We affirm.

I

These appeals stem from the alleged misdiagnosis and mistreatment of cancer. Merlone's claims on behalf of the estate arise from the death of C. Joyce Dale, who was treated by defendants and at the defendant facilities in mid-2000. It is undisputed that Dale died on December 15, 2000.

The Calhoun County Probate Court issued letters of authority appointing R. J. Nunley as personal representative of Dale's estate on February 23, 2001. On February 19, 2003, Nunley served defendants with a notice of intent (NOI) to file a medical-malpractice claim. On August 15, 2003, Merlone (hereinafter "plaintiff" or "Merlone") was appointed successor personal representative of Dale's estate. On August 22, 2003, plaintiff filed a complaint, seeking to commence a medical-malpractice action against defendants.

In February 2005, the Barrett defendants moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that the statute of limitations barred plaintiff's complaint. They contended that the NOI was not sent

until after the period of limitations had expired and that there was consequently no time remaining to be tolled under MCL 600.5856. The Barrett defendants also argued that, pursuant to *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004), the NOI did not toll the two-year wrongful-death saving period of MCL 600.5852, which affords personal representatives additional time in which to pursue a legal action on behalf of a decedent's estate. The Barrett defendants argued that *Waltz* applied retroactively.

BCHS then moved for summary disposition, concurring with the Barrett defendants' arguments. BCHS additionally argued that plaintiff's appointment as successor personal representative did not create an additional two-year period within which to file suit. BCHS attempted to distinguish *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29; 658 NW2d 139 (2003), from the instant case on the ground that the first personal representative in *Eggleston* died only five months after his appointment. BCHS argued that the first personal representative in this case, Nunley, had served for two years without filing suit and that Merlone's appointment as successor personal representative had nothing to do with Nunley's inability to serve as personal representative. BCHS further argued that applying *Eggleston* in cases such as this one would allow a plaintiff to simply "switch" personal representatives to rectify the first personal representative's failure to timely commence proceedings. BCHS also argued that plaintiff's complaint was untimely under *Lindsey v Harper Hosp*, 455 Mich 56; 564 NW2d 861 (1997).

Thereafter, the Robinson defendants moved for summary disposition, reiterating the arguments raised in the other defendants' motions.

Plaintiff responded by asserting that defendants' arguments were erroneous and were not consistent with *Eggleston*. She also contended that applying *Waltz* to this case would be unfair because it would shorten the limitations period after the complaint had already been filed. Plaintiff argued that her complaint was timely under *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000).[1]

In a supplemental brief filed in support of their motion for summary disposition, the Robinson defendants argued that, in addition to being untimely, plaintiff's complaint was defective because it had not been filed by the same person who filed the NOI. The Robinson defendants relied on *Halton v Fawcett*, 259 Mich App 699; 675 NW2d 880 (2003), to support their argument. The other defendants concurred with this argument. In addition, BCHS argued that *Eggleston* was fact-specific and was not applicable to this case.

Plaintiff contended that, pursuant to *Waltz* and MCL 600.5852, she had five years from the date of decedent's death to timely file her complaint. Plaintiff also asserted that she had recently sent her own NOI and that her complaint therefore should not be dismissed. In response to plaintiff's argument, BCHS argued that plaintiff's reading of MCL 600.5852 rendered the first sentence of the statute nugatory. The Barrett defendants concurred with BCHS's argument in this regard. In addition, the Robinson defendants argued that plaintiff's reading of MCL 600.5852 was contrary to the statute's plain language.

After entertaining oral arguments, the trial court ruled that *Eggleston* was dispositive and allowed a successor personal representative two years from the

---

[1] *Omelenchuk* was overruled in part by *Waltz* in 2004.

date of appointment to file a complaint. The trial court determined that the plaintiff's complaint had been filed within two years after she became the successor personal representative "and certainly well within the three year period after expiration of the two year limitations period provided for in MCL 600.5852." The trial court also observed that our Supreme Court had rejected the holding in *Halton*, i.e., that a medical-malpractice plaintiff must be the same person who sent the NOI. The trial court entered an order denying defendants' motions for summary disposition. The court thereafter denied defendants' motions for reconsideration.

This Court initially denied defendants' applications for leave to appeal,[2] but our Supreme Court remanded the matters for consideration as on leave granted. *Estate of Dale v Robinson*, 474 Mich 1098 (2006). This Court then consolidated the appeals. *Estate of Dale v Robinson*, unpublished order of the Court of Appeals, entered April 27, 2006 (Docket Nos. 269352, 269353, and 269354).

This Court entered an order holding these appeals in abeyance pending the decision of a conflict panel in *Mullins v St Joseph Mercy Hosp*, 271 Mich App 503; 722 NW2d 666 (2006) (*Mullins I*). *Estate of Dale v Robinson*, unpublished order of the Court of Appeals, entered July 11, 2006 (Docket Nos. 269352, 269353, and 269354). This Court then entered an additional order holding these appeals in abeyance pending the decision of another conflict panel in *Braverman v Garden City Hosp*, 275 Mich App 705; 740 NW2d 744 (2007) (*Braver-*

---

[2] *Estate of Dale v Robinson*, unpublished order of the Court of Appeals, entered November 1, 2005 (Docket No. 263680); *Estate of Dale v Robinson*, unpublished order of the Court of Appeals, entered November 1, 2005 (Docket No. 263915); *Estate of Dale v Robinson*, unpublished order of the Court of Appeals, entered November 1, 2005 (Docket No. 263947).

*man I). Estate of Dale v Robinson,* unpublished order of
the Court of Appeals, entered March 16, 2007 (Docket
Nos. 269352, 269353, and 269354).

II

We review de novo a trial court's decision to grant or
deny summary disposition under MCR 2.116(C)(7).
*Stoudemire v Stoudemire,* 248 Mich App 325, 332; 639
NW2d 274 (2001). In reviewing a motion for summary
disposition under subrule C(7), we accept the plaintiff's
well-pleaded allegations as true and construe them in
the plaintiff's favor. In doing so, we consider any
affidavits, depositions, admissions, and other documen-
tary evidence submitted by the parties. *Hanley v Mazda
Motor Corp,* 239 Mich App 596, 600; 609 NW2d 203
(2000). "If the pleadings demonstrate that one party is
entitled to judgment as a matter of law, or if affidavits
and other documentary evidence show that there is no
genuine issue of material fact concerning the running of
the period of limitations, the trial court must render
judgment without delay." *Adams v Adams (On Recon-
sideration),* 276 Mich App 704, 720; 742 NW2d 399
(2007). We review de novo questions of statutory inter-
pretation. *Koontz v Ameritech Services, Inc,* 466 Mich
304, 309; 645 NW2d 34 (2002).

III

Defendants argue that the trial court erred by deny-
ing their motions for summary disposition because the
successor personal representative failed to file her com-
plaint within two years of the issuance of the original
letters of authority. We disagree.

"Because an underlying claim 'survives by law' and
must be prosecuted under the wrongful-death act, . . . any

statutory or common-law limitations on the underlying claim apply to a wrongful-death action." *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 89; 746 NW2d 847 (2008). Accordingly, a wrongful-death medical-malpractice action is governed by the statute of limitations and the accrual statute applicable to medical-malpractice claims. *Jenkins v Patel*, 471 Mich 158, 164-165; 684 NW2d 346 (2004); *Lipman v William Beaumont Hosp*, 256 Mich App 483, 489-490; 664 NW2d 245 (2003). A plaintiff in a medical-malpractice action has two years from the date the cause of action accrued in which to file suit, MCL 600.5805(6), and a medical-malpractice claim generally "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim," MCL 600.5838a(1).[3]

However, the Legislature has afforded personal representatives additional time in which to pursue legal action on behalf of a decedent's estate. The wrongful-death saving statute, MCL 600.5852, provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

In *Waltz*, 469 Mich at 650-651, 655, our Supreme Court held that pursuant to MCL 600.5856, the filing of

---

[3] MCL 600.5838a(2) also gives a medical-malpractice plaintiff until "6 months after the plaintiff discovers or should have discovered the existence of the claim" to file suit. However, this discovery rule is not at issue in these appeals.

an NOI during the two-year malpractice period of limitations tolls the limitations period of MCL 600.5805(6), but does not toll the saving period of MCL 600.5852, which constitutes "an *exception* to the limitation period" and not a period of limitations itself.

This Court's conflict panel in *Mullins I* held that *Waltz* applied retroactively. Our Supreme Court, however, reversed this Court's judgment and provided a window within which *Waltz* does not apply. Our Supreme Court in *Mullins* stated in pertinent part:

> We conclude that this Court's decision in *Waltz v Wyse*, 469 Mich 642 (2004), does not apply to any causes of action filed after *Omelenchuk v City of Warren*, 461 Mich 567 (2000), was decided in which the saving period expired, i.e., two years had elapsed since the personal representative was appointed, sometime between the date that *Omelenchuk* was decided and within 182 days after *Waltz* was decided. All other causes of action are controlled by *Waltz*. [*Mullins v St Joseph Mercy Hosp*, 480 Mich 948 (2007) (*Mullins II*).]

Thereafter, another conflict panel of this Court was convened in *Braverman I*. Although this conflict panel was convened to address an NOI-related issue, *Braverman I* also involved a successor personal representative appointed following the resignation of the original personal representative. *Braverman I*, 275 Mich App at 708. The original personal representative in that case was appointed on October 29, 2002, and served an NOI on July 8, 2004. The plaintiff, as the successor personal representative, was appointed on August 18, 2004. The plaintiff filed a complaint on October 29, 2004, but the action was dismissed because the requisite 182-day waiting period following the NOI had not expired. See MCL 600.2912b(1). The plaintiff then filed a second action on January 25, 2005. *Braverman I*, 275 Mich App at 708-709.

In affirming the conflict panel's judgment, our Supreme Court addressed the applicability of its previous order in *Mullins II* to the facts of *Braverman*:

> Plaintiff initially contends that *Mullins [II]* saves her complaint. *Mullins [II]*, however, does not apply to this case because the saving period did not expire "between the date that *Omelenchuk . . .* was decided and within 182 days after *Waltz . . .* was decided." Nevertheless, plaintiff's complaint, filed by the successor personal representative within two years of his appointment, was timely under *Eggleston . . . .* [*Braverman v Garden City Hosp*, 480 Mich 1159 (2008) (*Braverman II*) (citation omitted).]

As in *Braverman II*, our Supreme Court's order in *Mullins II* does not save plaintiff's complaint in the instant case because the saving period did not expire between the time that *Omelenchuk* was decided and 182 days after *Waltz* was decided. The saving period in this case expired on August 15, 2005, two years after plaintiff's appointment as personal representative on August 15, 2003. Nevertheless, as in *Braverman II*, we conclude that plaintiff's complaint in the instant case was timely under *Eggleston*.[4]

In *Eggleston*, 468 Mich at 30, our Supreme Court addressed "whether a successor personal representative has two years after appointment to file an action on behalf of an estate under the wrongful-death saving statute, MCL 600.5852, or whether the two-year period is measured from the appointment of the initial personal representative." Our Supreme Court observed:

---

[4] We note that this case involves the question that our Supreme Court specifically declined to address in *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007), that being "whether a successor personal representative is entitled to his own two-year saving period after the first personal representative served a full two-year term but failed to file a claim within that time."

[MCL 600.5852] simply provides that an action may be commenced by the personal representative "at any time within 2 years after letters of authority are issued although the period of limitations has run." The language adopted by the Legislature clearly allows an action to be brought within two years after letters of authority are issued to the personal representative. The statute does not provide that the two-year period is measured from the date letters of authority are issued to the initial personal representative.

Plaintiff was "the personal representative" of the estate and filed the complaint "within 2 years after letters of authority [were] issued," and "within 3 years after the period of limitations ha[d] run." MCL 600.5852. The action was therefore timely. [*Id.* at 33 (citation omitted).]

Similarly, in the instant case, plaintiff was "the personal representative" of the estate, and she filed her complaint " 'within 2 years after letters of authority [were] issued,' and 'within 3 years after the period of limitations ha[d] run.' " See *id.* As our Supreme Court recognized in *Eggleston*, MCL 600.5852 does not provide that the two-year saving period is measured from the date that letters of authority are issued to the initial personal representative; instead, the statute provides that the two-year period is measured from the date that letters of authority are issued to *any* personal representative, regardless of whether that person is the initial personal representative or a successor personal representative. Plaintiff was issued letters of authority on August 15, 2003, and filed her complaint seven days later, well within the two-year saving period. Thus, under *Eggleston* and MCL 600.5852, plaintiff's complaint was timely.[5]

---

[5] We recognize that this Court has previously reached a contrary holding on this issue in an unpublished decision. In *Washington v Jackson*, unpublished opinion per curiam of the Court of Appeals, issued October 23, 2007 (Docket No. 258691), p 4, this Court stated that a successor personal representative may not commence an action "at least

We note that our conclusion that plaintiff's complaint was timely filed is not inconsistent with this Court's decision in *McMiddleton v Boling*, 267 Mich App 667; 705 NW2d 720 (2005). In that case, the initial personal representative filed a complaint more than two years after she was appointed. Thereafter, a successor personal representative was appointed. *Id*. at 669. This Court held that *Eggleston* did not support the plaintiff's argument that the complaint was timely filed. This Court stated that "applying MCL 600.5852 and the Supreme Court's ruling in *Eggleston*, it is clear that a successor personal representative cannot rely on the untimely filed complaint that was filed before she was appointed." *Id*. at 673. In other words, the complaint filed by the initial personal representative in *McMiddleton* was untimely under MCL 600.5852, and the appointment of a successor personal representative did not revive the untimely complaint filed by the initial personal representative. No such concerns are present in the instant matter because the initial personal representative in this case did not file the complaint.

Turning back to the case at bar, the Barrett and Robinson defendants contend that allowing plaintiff's

---

where, as here, the original personal representative had the benefit of the full two-year savings period, but neglected to file suit timely due to an error in determining when the complaint must be filed." The *Washington* panel, however, relied on *McLean v McElhaney*, 269 Mich App 196, 201-202; 711 NW2d 775 (2005) (*McLean I*), which our Supreme Court reversed after the *Washington* opinion had already been issued. *McLean v McElhaney*, 480 Mich 978 (2007) (*McLean II*). Further, this Court in *McLean I* distinguished the facts of *Eggleston* on questionable grounds and did not even address the language of MCL 600.5852. *McLean I* is not binding on us because that decision has been reversed by our Supreme Court on an independent, dispositive ground, *Dunn v DAIIE*, 254 Mich App 256, 266; 657 NW2d 153 (2002), and *Washington* is not binding on us because unpublished opinions lack precedential value under the rule of stare decisis, MCR 7.215(C)(1).

action to proceed would render nugatory the two-year time limit contained in MCL 600.5852 and would give effect only to the three-year ceiling provided in the last sentence of MCL 600.5852. We disagree. Although the two-year time limit may be effectively avoided by the appointment of a successor personal representative, the statutory language is not thereby rendered nugatory. The two-year provision continues to apply in all cases in which a successor personal representative is not appointed and new letters of authority are not issued. The fact that the statutory language does not apply in all cases does not render it nugatory.

Lastly, BCHS and the Barrett defendants argue that allowing plaintiff's action to proceed would be inconsistent with *Lindsey*. Our Supreme Court addressed this very argument in *Braverman II*, 480 Mich at 1159 n 1, stating:

> Defendants argue that *Lindsey v Harper Hosp*, 455 Mich 56 (1997), should apply. However, *Lindsey* relied on the Revised Probate Code, and in particular on then-current MCL 700.179, which indicated that a temporary personal representative who was reappointed personal representative "shall be accountable as though he were the personal representative from the date of appointment as temporary personal representative." *Lindsey*, *supra* at 66. After *Lindsey* was decided, the Revised Probate Code was repealed and replaced by the Estates and Protected Individuals Code. MCL 700.8102(c). The Estates and Protected Individuals Code does not contain a provision similar to MCL 700.179. Therefore, the holding of *Lindsey*, which relied on this statutory provision, no longer controls.

Accordingly, the argument of BCHS and the Barrett defendants is without merit.

In sum, we conclude that this action was timely commenced because, although the initial personal rep-

resentative had already served for two years, the complaint was filed within two years of the issuance of the successor personal representative's letters of authority and within three years after the period of limitations had expired.[6] MCL 600.5852; see also *Braverman II*, 480 Mich at 1159. The trial court did not err by declining to grant summary disposition for defendants on statute-of-limitations grounds.[7]

IV

In the alternative, defendants argue that a successor personal representative may not rely on the previous personal representative's NOI, but must file his or her own NOI. We disagree.

We held the instant appeals in abeyance pending the decision of the conflict panel in *Braverman I*, which addressed this very issue. There, this Court determined that a successor personal representative may rely on the NOI of a previous personal representative. *Braverman I*, 275 Mich App at 716. Our Supreme Court affirmed this Court's judgment, specifically agreeing with its determination: "[P]laintiff, as successor personal representative, may rely on the notice of intent filed by the previous personal representative because the office of personal representative is a 'person' under

---

[6] Because the decedent was treated by defendants in mid-2000, any medical-malpractice claims accrued at that time, MCL 600.5838a(1), and the two-year period of limitations consequently expired sometime in mid-2002, MCL 600.5805(6). Plaintiff's complaint, filed on August 22, 2003, was accordingly filed "within 3 years after the period of limitations ha[d] run." MCL 600.5852.

[7] Although the judgment has now been vacated by our Supreme Court, we note that our conclusion that plaintiff's complaint was timely filed is also consistent with this Court's holding in *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 270 Mich App 383, 389; 715 NW2d 72 (2006), vacated 481 Mich 874 (2008).

MCL 600.2912b." *Braverman II*, 480 Mich at 1159. Defendants' argument in this regard is therefore without merit.

Affirmed.