*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELE SCHAFF,

Plaintiff-Appellee,

UNPUBLISHED
December 22, 2022

v

No. 359852
Macomb Circuit Court
LC No. 2020-001908-NO

TIME INVESTMENTS LTD,

Defendant-Appellant.

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the order denying defendant's motion for summary disposition of plaintiff's statutory premises claim under MCL 554.139(1)(b). On appeal, defendant argues that the trial court erred by finding there is a genuine issue of material fact as to whether defendant breached any duty under MCL 554.139(1)(b). Specifically, defendant asserts: (1) there is no genuine issue of material fact that the sump pump was in reasonable repair; (2) the sump pump's placement cannot be considered a defect in the premises requiring repair; and (3) the fact that plaintiff did not like the placement of the sump pump drain valve did not render it defective. We agree, and therefore reverse the order of the trial court to the extent that it denies defendant summary disposition of plaintiff's claim under MCL 554.139(1)(b), and remand for entry of an order granting defendant summary disposition.

## I. BACKGROUND

This case arises from injuries plaintiff sustained at a residential rental property on April 23, 2019. Defendant owned the rental property, and plaintiff was the tenant. The rental property had a sump pump to prevent the basement from flooding. The sump pump drain valve was located on the back patio of the rental property and discharged water if water gathered from the sump pump could not go out the main line. Plaintiff complained about the discharge of water from the sump

---

[1] *Schaff v Time Investments Ltd*, unpublished order of the Court of Appeals, entered February 2, 2022 (Docket No. 359852).

pump drain valve onto the patio to defendant several times between January 2019, and April 2019. Because of plaintiff's complaints, defendant hired an independent contractor to inspect the sump pump and ensure it was working properly. After inspection, the independent contractor told defendant everything was working as intended.

On March 11, 2019, a different independent contractor, Root Away Sewer Drain and Cleaning (Root Away), cleaned out the drains to the sump pump pit and snaked out the sump pump line outside. This independent contractor stated that the line was not clogged when he performed the maintenance work and everything was working properly. After the work was done, the drain valve on the back patio did not discharge water until April 22, 2019.

On April 22, 2019, water discharged from the sump pump drain valve. Plaintiff texted defendant a picture of water on the patio, and defendant informed plaintiff that it would be at least another week before someone would look at the sump pump. The next day, plaintiff was sweeping water discharged from the sump pump drain valve off her patio when water discharged from the sump pump and hit her in the legs. The water "totally surprised [her]," and "took her off balance." Plaintiff fell off the 5½ inch lip of the patio, hit the right side of her face and body on the fence, fell to the ground, and was injured. On April 30, 2019, Root Away returned to the rental property to snake the sump pump line and determined that the sump pump drain was working properly.

Plaintiff filed an action against defendant alleging defendant breached its duty to plaintiff under MCL 554.139.[2] After conducting discovery, defendant moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Defendant argued: (1) there was no evidence the sump pump drain valve and exterior patio were not fit for their intended use, and thus no evidence that defendant breached any duty under MCL 554.139(1)(a); and (2) there was no evidence the sump pump drain valve and exterior patio were not in reasonable repair, and thus no evidence that defendant breached any duty under MCL 554.139(1)(b).

Plaintiff responded that defendant violated MCL 554.139(1)(b), which required defendant to maintain its premises in reasonable repair. Relatedly, plaintiff stated: "[T]he issue of whether the placement of a sump pump in an area in which plaintiff traversed and which plaintiff complained of constitutes a violation of the reasonable repair provision of MCL 5[54].139(1)(b) is a question of fact for the jury."

The trial court issued an opinion and order granting defendant's motion for summary disposition related to MCL 554.139(1)(a), but denying defendant's motion for summary disposition related to MCL 554.139(1)(b). The trial court reasoned: (1) MCL 554.139(1)(b) requires the lessor to keep the residential premises in reasonable repair during the term of the lease; (2) the sump pump drain valve, as well as the patio, are part of the premises, and thus, must be kept in reasonable repair; (3) the location of the sump pump drain valve on the patio may constitute a "defect" requiring mending; (4) snaking the sump pump drain may equate with keeping the premises in reasonable repair; (5) the determination is one to be made by the fact-finder; and (6) plaintiff offered sufficient evidence, which, if credited, reveals that defendant breached its

---

[2] There are other allegations in plaintiff's complaint; however, they are not relevant to the issue raised on appeal.

statutory duty to keep the premises in reasonable repair. Defendant moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARDS OF REVIEW

This Court "review[s] de novo the interpretation and application of a statute as a question of law. If the language of a statute is clear, no further analysis is necessary or allowed." *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

This Court "review[s] de novo a circuit court's decision on a motion for summary disposition." *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014). "In deciding whether to grant a motion for summary disposition pursuant to MCR 2.116(C)(10), a court must consider '[t]he affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties' in the light most favorable to the nonmoving party." *Id*. at 220-221 (citation omitted). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists "when reasonable minds can differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. ANALYSIS

The trial court erred by denying defendant's motion for summary disposition of plaintiff's claim for failure to keep the premises in reasonable repair because plaintiff did not establish a genuine issue of material fact.

"A duty of care may arise from a statute, a contractual relationship, or by operation of the common law, which imposes an obligation to use due care or to act so as not to unreasonably endanger other persons or their property." *Cummins v Robinson Twp.*, 283 Mich App 677, 692; 770 NW2d 421 (2009). Plaintiff argues that defendant's duties arose under MCL 554.139, which states in relevant part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> * * *
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct. [MCL 554.139(1)(b).]

Our Supreme Court in *Allison* explained that the plain meaning of "reasonable repair" as used in MCL 554.139(1)(b) requires repair of a defect in the premises. See *Allison*, 481 Mich at 434. Additionally, our Supreme Court stated:

"Defect" is defined as "a fault or shortcoming; imperfection." *Random House Webster's College Dictionary* (1997). Damage to the property would constitute an imperfection in the property that would require mending. Therefore, repairing a defect equates to keeping the premises in a good condition as a result of restoring and mending damage to the property. [*Id*.]

Defendant presented evidence that the sump pump and drain valve were in reasonable repair at the time of plaintiff's fall. A sump pump drain valve releases water if water gathered from the sump pump cannot go out the main line. Multiple contractors inspected the sump pump and assured defendant that it was not clogged and worked properly. A week after plaintiff's fall, the sump pump was again inspected and it worked properly. Ultimately, the sump pump drain valve functioned as intended by releasing water from the valve if the water could not go out through the main line.

Plaintiff contends the location of sump pump drain valve on the side of the patio renders the drain valve a defect requiring repair. However, plaintiff presented no evidence that the placement of the sump pump drain valve amounted to a defect which required repair. Plaintiff's evidence consists merely of her own statements asserting that the water discharging from the valve onto the patio was unusual and unsafe.

Plaintiff also presented the deposition of Daniel Mason, the owner and sole employee of Root Away as evidence that there was a defect. Mason stated that water accumulating on the patio "wouldn't be a normal situation. That would be something that would happen after the line plugged it." However, Mason asserted there was nothing blocking the line before, or after, when he performed the maintenance work. While plaintiff asserted that Mason admitted he disturbed a blockage, which blocked the sump pump line, and caused water to discharge on the patio, Mason's testimony is taken out of context by plaintiff. Mason actually testified: "[The line] wasn't backed up in the first place." He speculated: "The only reason [he] could think it backed up is . . . [he] stirred up a bee's nest. [He] snaked that line out and there must have been something in there that [he] disturbed with the pump running[.]" But Mason clarified: "I do not know if that's what happened. I was just guessing." Speculation is insufficient to create a genuine issue of material fact. *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016). Ultimately, Mason explained that the drain pipe takes water from the sump pump pit away from the house. The sump pump drain valve was working as intended by discharging water from the sump pump pit away from the house. Therefore, there is no genuine issue of material fact that the sump pump line and valve were in proper working order. It reasonably follows a sump pump that is in working order does not require "restoring" or "mending."

Additionally, plaintiff presented no evidence that the location of the sump pump valve did not comply with state law, local ordinance, or building codes. While plaintiff complained about the water discharge from the sump pump drain valve, she did not present evidence that the discharge presented a slipping hazard requiring repair. The valve was located next to the home's exterior wall, facing the back corner of the patio. The sump pump drain valve appears easily avoidable, and in a place where people are not likely to walk. Plaintiff conceded that she did not trip and fall or slip and fall because of the sump pump drain valve's location or water or ice on the patio. Instead, plaintiff stated that she was "totally surprised" by the water discharging from the valve that hit her leg, which caused her to lose her balance and fall off the 5½ inch lip of the patio.

Ultimately, plaintiff presented no evidence that the rental property was defective, damaged, or needed repair. Therefore, plaintiff failed to establish that a genuine issue of material fact existed for trial, and summary disposition in favor of defendant was proper. See *Allison*, 481 Mich at 425.

## IV. CONCLUSION

The trial court order denying defendant summary disposition is reversed to the extent that it denies defendant summary disposition of plaintiff's claim under MCL 554.139(1)(b), and this matter is remanded for entry of an order granting defendant summary disposition in this regard. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola