*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRYSTYNA REID,

      Plaintiff-Appellee,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

      Defendant-Appellant.

UNPUBLISHED
March 9, 2023

No. 359412
Wayne Circuit Court
LC No. 20-014553-NF

Before: RICK, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the order denying its motion for partial summary disposition of plaintiff's claims for personal protection insurance (PIP) benefits involving attendant care and replacement services under the no-fault act, MCL 500.3101 *et seq*. On appeal, defendant argues that the trial court erred by denying its motion for partial summary disposition because plaintiff's claims for attendant care and replacement services are barred by the one-year-back rule. Specifically, defendant argues that the preamendment version of MCL 500.3145 applies to this case because the accident occurred before the statute was amended.[2] Alternatively, defendant argues that plaintiff failed to pursue her claims for attendant care and replacement services with reasonable diligence. We reverse the trial court's order and remand to that court for further proceedings.

## I. BACKGROUND

On May 24, 2019, plaintiff was injured in an automobile accident and had a no-fault insurance policy with defendant. Plaintiff incurred medical expenses, including for alleged receipt of attendant care and replacement services, as a result of the accident. Plaintiff sought payment

---

[1] *Reid v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered March 17, 2022 (Docket No. 359412).

[2] The statute was amended effective June 11, 2019. See 2019 PA 21.

from defendant for these PIP benefits.  Defendant refused to pay plaintiff, and plaintiff filed this action on November 4, 2020.

Defendant moved for partial summary disposition of plaintiff's claims for benefits that were incurred before November 4, 2019, under MCR 2.116(C)(10) (no genuine issue of material fact), on the basis that some of her claims for benefits were barred by the one-year-back rule. Defendant argued: (1) the preamendment version of MCL 500.3145 generally controls plaintiff's claims for PIP benefits, and (2) there is no genuine issue of material fact that plaintiff is barred from recovering any PIP benefits incurred before November 4, 2019, under the preamendment version of MCL 500.3145.  The trial court denied defendant's motion for partial summary disposition.  Specifically, the trial court concluded that the amended version of MCL 500.3145 controls plaintiff's claims because plaintiff filed her complaint after the effective date of the amendment, and therefore, the tolling provision of MCL 500.3145(3) applies.  This appeal followed.

## II. STANDARDS OF REVIEW

This Court "review[s] de novo the interpretation and application of a statute as a question of law.  If the language of a statute is clear, no further analysis is necessary or allowed." *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).  We also "review de novo a circuit court's decision on a motion for summary disposition." *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014).  "In deciding whether to grant a motion for summary disposition pursuant to MCR 2.116(C)(10), a court must consider '[t]he affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties' in the light most favorable to the nonmoving party." *Id*. at 220-221 (citation omitted).  "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).  A genuine issue of material fact exists "when reasonable minds can differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III.  ANALYSIS

At the outset, there are essentially two issues we must resolve.  First, whether the preamendment version of MCL 500.3145, see 2019 PA 21, applies to some or all plaintiff's claims for attendant care and replacement services.  Second, to the extent that the current version of MCL 500.3145 applies to some or all of plaintiff's claims in that regard, whether there is a question of fact as to the applicability of the tolling provision in MCL 500.3145(3) to those claims.

Before the 2019 amendments, MCL 500.3145 stated, in relevant part:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.  If the notice has been given or a payment has been made,

-2-

the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. . . .*

(2) An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident. [Emphasis added.]

The italicized sentence of MCL 500.3145(1) is commonly referred to as the "one-year-back rule." See *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 208; 815 NW2d 412 (2012). It "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Id*. at 203.

"Until 2005, Michigan courts interpreted the one-year-back rule to incorporate a judicially created tolling provision that remained in effect until a no-fault claim was formally denied by the insurer." *Encompass Healthcare, PLLC v Citizens Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 357225); slip op at 5. See also *Lewis v Detroit Auto Inter-Ins Exch*, 426 Mich 93, 101; 393 NW2d 167 (1986), overruled by *Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005) (concluding that the one-year-back rule of MCL 500.3145 is tolled from the date of a specific claim for benefits to the date of a formal denial of liability). Our Supreme Court's decision in *Devillers* discarded judicial tolling and held the one-year-back rule of MCL 500.3145(1) must be enforced as written, without a judicially created tolling provision. *Devillers*, 473 Mich at 586.

After the 2019 amendments, MCL 500.3145 states, in relevant part:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

(2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

(3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence. [See 2019 PA 21.]

After 2019 PA 21 was enacted, this Court in *Encompass Healthcare, PLLC*, concluded that "these amendments to MCL 500.3145, particularly the addition of Subsection (3), act to supersede

our Supreme Court's ruling in *Devillers* and return the state of law to that provided in *Lewis* and its progeny." *Encompass Healthcare, PLLC*, ___ Mich App at ___; slip op at 6-7.

In this case, the claims in dispute relate to alleged attendant care and replacement services provided to plaintiff after her accident on May 24, 2019. Defendant argues the preamendment version of MCL 500.3145 applies to all of plaintiff's claims because the accident from which these services arose occurred before the effective date of the no-fault amendments. However, "Michigan courts have followed the general rule that the relevant inquiry in determining the applicability of a statute is the date on which the cause of action arose." *Hill v Gen Motors Acceptance Corp*, 207 Mich App 504, 513-514; 525 NW2d 905 (1994). Under MCL 500.3110(4), "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss is incurred." Relatedly, "[a]n expense is incurred or a patient becomes liable when an agreement to pay is executed *and* treatment is received." *Bronson Health Care Group, Inc v USAA Cas Ins Co*, 335 Mich App 25, 35-36; 966 NW2d 393 (2020). Therefore, plaintiff's loss was incurred when she received attendant care and replacement services, and the claims for those services accrued at that time. The preamendment version of MCL 500.3145 applies to plaintiff's claims for attendant care and replacement services accruing before June 11, 2019, because the amendments became effective on that date. The trial court erred to the extent that it concluded otherwise. Plaintiff's claims accruing on or after June 11, 2019, are governed by the current version of MCL 500.3145, and are subject to the tolling provision in MCL 500.3145(3), if she made a specific claim for these services to defendant.

Accordingly, plaintiff's claims for attendant care and replacement services accruing before June 11, 2019, are barred by the one-year-back rule of the preamendment version of MCL 500.3145(1).

The next issue is whether there is a question of fact as to the applicability of the tolling provision in MCL 500.3145(3) to plaintiff's claims for attendant care and replacement services accruing on or after June 11, 2019. Defendant asserted that it never received a claim from plaintiff for attendant care and replacement services until after plaintiff filed her complaint on November 4, 2020. For her part, plaintiff failed to come forward with evidence showing submission of specific claims for payment of these benefits at any time before the complaint was filed. Instead, plaintiff speculates that she may have generally advised or indicated to defendant she needed attendant care and replacement services.

However, plaintiff's speculative or implied need for services is not the equivalent of notice of actual services rendered. In particular, MCL 500.3145(3) permits tolling "from the date of a *specific claim* for payment of the benefits until the date the insurer formally denies the claim." (Emphasis added.) In this instance, there is no evidence plaintiff submitted "a specific claim" as required by the statutory language. Use of the word "specific" indicates, in accordance with its common definition, being "precise, or particular" or "explicit or definite." *Random House Webster's College Dictionary* (2005). As such, plaintiff's mere implication that a particular type of service may be required or necessary, without proof of actual, documented evidence of the provision and receipt of such services is inadequate.

In other words, plaintiff was required to come forward with facts showing that there is a genuine issue as to whether she submitted her specific claims for replacement services and

attendant care benefits to defendant during the relevant time period. "*Any* insured who incurs charges for services must present proof of those charges in order to establish, by a preponderance of evidence, that he is entitled to PIP benefits." *Douglas v Allstate Ins Co*, 492 Mich 241, 269; 821 NW2d 472 (2012). "This evidentiary requirement is most easily satisfied when an insured or a caregiver submits itemized statements, bills, contracts, or logs listing the nature of services provided with sufficient detail for the insurer to determine whether they are compensable." *Id*. Testimony may also satisfy this evidentiary requirement, provided the testimony allows a fact-finder to conclude that services were rendered. *Id*. at 270. However, "a claimant's failure to request reimbursement for allowable expenses in a timely fashion runs the risk that the one-year-back rule will limit the claimant's entitlement to benefits[.]" *Id*.

Based on the lower court record, it does not appear that plaintiff provided any evidence she made specific claims for payment of expenses actually incurred for attendant care and replacement services until after the filing of her complaint. Significantly, plaintiff does not dispute that she did not submit such claims to defendant before filing suit. Since plaintiff did not timely submit claims for attendant care and replacement services to defendant, there is nothing to toll under MCL 500.3145(3). Despite the availability of MCL 500.3145(3), plaintiff remains restricted by the one-year-back rule in regards to reimbursement. Ultimately, the tolling provision of MCL 500.3145(3) does not apply, and plaintiff cannot recover for attendant care or replacement services rendered between June 11, 2019, and November 3, 2019. See MCL 500.3145(2). As such, the trial court erred in denying defendant's motion for partial summary disposition.[3]

## IV. CONCLUSION

The one-year-back rule bars plaintiff's claims for attendant care and replacement services that accrued before November 4, 2019, one year before plaintiff filed her complaint. Specifically, the preamendment version of MCL 500.3145(1) bars her claims that accrued before June 11, 2019, and the current version of that statute bars her claims that accrued between June 11, 2019, and November 3, 2019.

We reverse the trial court's denial of defendant's motion for partial summary disposition and remand to that court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Michael J. Kelly
/s/ Michael J. Riordan

---

[3] On the basis of this ruling, we need not address defendant's unpreserved argument pertaining to whether plaintiff pursued her claims with "reasonable diligence."